NUMBER 13-03-090-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
JULIO GONZALES,                                                                      Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 130th District Court
of Matagorda County, Texas.




 MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Chief Justice Valdez
         Appellant, Julio Gonzales, pled guilty to possession with intent to deliver a
controlled substance, cocaine, in an amount of four grams or more but less than 200
grams. The jury found appellant guilty and assessed punishment at seventy-five years
confinement and a $10,000 fine. We conclude the appeal is frivolous and without
merit. We affirm.


 
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it.



II. ANDERS BRIEF
         Appellant’s court-appointed counsel has filed a brief in which she has concluded
that the appeal is frivolous. See Anders v. California, 386 U.S. 738, 744 (1967). 
Along with her brief, appellate counsel has submitted a copy of a letter sent to
appellant in which she informed appellant that she had reviewed the record and
concluded the appeal has no merit. She also informed him of his right to file a pro se
brief and his right to review the record. 
         In her brief, appellate counsel requested that we abate the appeal and order that
a copy of the record be provided to appellant. However, since that time, appellant has
filed two thorough pro se briefs replete with details about the underlying proceedings
and citations to the record. Accordingly, we deny the relief requested. 
         In compliance with the requirements of Anders, appellate counsel advanced one
arguable issue–ineffective assistance of trial counsel. However, she also stated that
after her review of the facts and the law, she concluded this issue was without merit.
         To establish ineffective assistance of trial counsel, appellant must show: (1) his
counsel’s performance fell below an objective standard of reasonableness; and (2)
there is a reasonable probability that, but for counsel’s unprofessional errors, the result
would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 694
(1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Our scrutiny
of trial counsel’s performance is highly deferential; that is, we presume the lawyer’s
conduct falls within the wide range of reasonable professional assistance. Strickland,
466 U.S. at 689; Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
To defeat this presumption, the allegation of ineffective assistance must be firmly
founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). 
Generally, the record on appeal will be insufficient to satisfy the first prong of the
Strickland test. Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). 
         Appellate counsel says the only possible ineffective-assistance arguments that
may be raised in this case are that trial counsel should have: (1) filed more pretrial
motions and obtained rulings on those motions; (2) had more contact with appellant;
(3) obtained the last name of a witness provided by appellant; (4) interviewed the
witness; (5) conducted more voir dire at punishment; and (6) during the punishment
phase, made more objections, put the extraneous offense hearing on the record, and
advised appellant of the potential harm of testifying. 
         The record shows trial counsel filed a motion to suppress and a motion in limine
to exclude prior convictions and extraneous offenses. The record does not show that
the trial court ruled on either motion, but the docket sheet shows an entry that
appears to indicate a pre-trial motions conference was held on December 4, 2002 for
which we have no transcript. The motions may have been disposed of at that time. 
In addition, the transcript of the trial proceedings includes a statement by trial counsel
that the parties had agreed to a motion in limine, presumably the same one contained
in the motions record. In any case, even assuming trial counsel did not pursue rulings
on both motions, the record is silent as to his reasoning. 
         The record shows trial counsel conducted voir dire particularly on the issue of
punishment. He was also an effective advocate during the punishment phase,
objecting to the admission of extraneous offenses. We do not find that in these
instances, his performance fell below any objective standard of reasonableness.
         The remaining potential grounds for an ineffective-assistance-of-counsel claim
cannot be evaluated properly on the record before us. We cannot determine from the
record how much contact counsel had with his client nor the quality of such contact.


 
Nor can we determine from the record whether trial counsel attempted to locate the
witness identified by appellant on the day of the trial or whether counsel advised
appellant off the record of the potential harm of testifying during the punishment
phase. These are all issues that are more properly addressed in an application for a
writ of habeas corpus. See id. 
         In sum, the record does not affirmatively demonstrate trial counsel’s conduct
fell below an objective standard of reasonableness. We agree with Anders counsel’s
assessment that this issue is without merit. 
III. PRO SE BRIEFS
         In his pro se briefs, appellant raises three issues: (1) whether the trial court
abused its discretion in denying appellant’s motion for a continuance under
article 29.03 of the code of criminal procedure


; (2) whether appellant’s rights were
violated when the State allowed allegedly false evidence to be admitted uncorrected;
and (3) whether his rights were violated when the State used false testimony in the
punishment phase. 
A. Denial of Motion for Continuance
         Article 29.03 of the code of criminal procedure states in part, “[a] criminal
action may be continued on the written motion of the State or of the defendant, upon
sufficient cause shown; which cause shall be fully set forth in the motion.” Tex. Code
Crim. Proc. Ann. art. 29.03 (Vernon 1989). If the motion is the defendant’s first such
motion and is based on the absence of a witness, the motion must also include the
following information: (1) the name and residence of the witness, if known; (2) the
diligence used to procure his attendance; (3) the material facts expected to be proven
by the witness; (4) the witness is not absent by the procurement or consent of the
defendant; (5) the motion is not made for delay; and (6) there is no reasonable
expectation that attendance of the witness can be secured during the present term of
the court by a postponement of the trial. Id. art. 29.06. The granting or denial of a
motion for a continuance is within the sound discretion of the trial court. Heiselbetz
v. State, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995). 
         The record shows that on the date set for trial, trial counsel explained to the
court appellant wanted a continuance. Appellant then told the court a continuance
was necessary because he had “key witnesses” who could not be present. After
conferring off the record with appellant, trial counsel notified the court he had the first
name of one of these witnesses and asked for a continuance. Appellant informed the
court he had learned the first name of the witness only the night before. 
         In denying the motion, the trial court stated: 
Your client has waited until the day of trial to give you the name of a
potential witness, that’s your client’s decision. . . . [A] defendant in a
criminal case is not going to be allowed by this court to lay behind the
eight ball and then on the day of trial disclose the name of a potential
witness to his attorney and use that as grounds to get a continuance. 
That’s manipulating the court, and the court won’t stand for it at all. 
This case was filed a year ago–over a year ago. 

         Appellant’s motion for a continuance did not comply with either article 29.03
or 29.06 the code of criminal procedure. Moreover, given the timing of appellant’s
request and the circumstances under which it was made, the trial court had good
reason to believe the motion was brought solely as a manipulative tactic aimed at
delaying trial. Thus, appellant’s first issue is overruled.
B. False Testimony
         In his second and third issues, appellant contends the State allowed Captain
David Miles’ perjured testimony to be admitted and used this evidence without
correction in violation of appellant’s rights to a fair trial and due process. Appellant
concedes error was not preserved in the trial court but asks us to review the issue in
the interest of justice. 
         During the punishment phase, Captain Miles of the Matagorda County Sheriff’s
Department testified that eleven bags of cocaine were found in a residence occupied
by appellant and each bag contained an “eight ball,” or an eighth of an ounce of
cocaine. This would equal 38.94 grams of cocaine, according to appellant.


 However,
the laboratory analysis report, which Captain Miles read to the jury, confirmed a finding
of only 15.85 grams of cocaine. This, appellant contends, establishes Captain Miles
committed perjury.
         We have reviewed the record and do not find any factual support for appellant’s
assertion that Captain Miles had any intent to deceive when he made the statement,
much less that the State was aware of any such perjury. See  Tex. Pen. Code Ann.
§ 37.02 (Vernon 2003) (perjury requires intent to deceive). Notably, Captain Miles’
statement as to the amount was in ounces and the report stated the amount in grams. 
We find it wholly possible that neither Captain Miles nor the State was aware that a
discrepancy existed between the two amounts. The most we can conclude from the
record is that Captain Miles’ testimony was inconsistent with the laboratory report. 
None of the authority cited by appellant requires the State to object to or clarify
inconsistencies in the evidence. Accordingly, appellant’s second and third issues are
overruled.
IV. INDEPENDENT REVIEW
          Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488
U.S. 75, 80 (1988); Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christi
2003, no pet.). We have reviewed the entire record and find that the appeal is wholly
frivolous. See Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991). 
Accordingly, we affirm the judgment of the trial court. 
V. APPELLATE COUNSEL
         We may grant appellate counsel's motion to withdraw filed in connection with
an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971);
see Stafford, 813 S.W.2d at 511 (noting that Anders brief should be filed with request
for withdrawal from case). Appellate counsel has not filed a motion to withdraw in
this case. If she wishes to file a motion to withdraw, she must file the motion no later
than fifteen days from the date of this opinion.
         We order counsel to advise appellant promptly of the disposition of this case
and the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27
(Tex. Crim. App. 1997) (per curiam).

 

                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice
Do not publish. 
TEX. R. APP. P. 47.2(b). 

Memorandum Opinion delivered and filed
this 22nd day of July, 2004.