Opinion issued on August 19, 2004








     





In The
Court of Appeals
For The
First District of Texas




NOS. 01-03-00422-CR
          01-03-00423-CR




TERRANCE DWAYNE GIBSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause Nos. 921737 & 916111




MEMORANDUM OPINION

          Appellant, Terrance Dwayne Gibson, pleaded guilty to the offenses of
aggravated assault and aggravated kidnapping and true to the allegation that he had
a prior felony conviction for aggravated assault. After a presentence investigation
(PSI) hearing, the trial court sentenced appellant to 75 years’ confinement for each
offense. 
          Appellant’s appointed counsel filed a brief stating that, in her opinion, the
appeal is frivolous. The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record
and stating why there are no arguable grounds for error on appeal. See Gainous v.
State, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Appellant has filed a pro se
brief. 
          In five issues, appellant contends that (1) the trial court erred in denying his
right to “withdraw trial counsel”; (2) he was not informed of his legal rights prior to
making a statement to peace officers and the evidence against him did not “coincide”;
(3) he received ineffective assistance of counsel; (4) the trial court erred in denying
is right to withdraw his plea; and (5) the PSI hearing focused on an offense for which
he had not been charged. We affirm.
Background
          During the PSI hearing, the complainant testified that Alex Johnson abducted
her at gunpoint and that appellant followed them to Greenspoint Mall. Johnson and
appellant then took turns sexually assaulting her. Both men held a gun to her head
and threatened to kill her. While appellant and Johnson debated what to do with her,
the complainant escaped. Appellant was subsequently arrested and charged with
aggravated assault and aggravated kidnapping.
Motion to Withdraw Counsel
          In his first issue, appellant contends that the trial court abused its discretion in
denying his pro se “motion to withdraw” counsel before he entered his pleas of guilty. 
          To preserve a complaint for appellate review, a party must present a timely
request, objection, or motion stating specific grounds for the ruling desired. Tex. R.
App. P. 33.1(a)(1); Rhoades v. State, 934 S.W.2d 113, 119–20 (Tex. Crim. App.
1996). Further, the trial court must have ruled on the request, objection, or motion,
either expressly or implicitly, or the complaining party must have objected to the trial
court’s refusal to rule. Tex. R. App. P. 33.1(a)(2). Appellant was represented by
counsel and did not request a hearing on his “motion to withdraw” counsel. The trial
court did not rule on appellant’s pro se motion. Accordingly, appellant failed to
preserve error. See id.
Legal Warnings and Lack of Evidence
          In his second issue, appellant contends that he was not informed of his legal
rights prior to making a statement to peace officers and that the evidence against him
did not “coincide.” Appellant appears to be referring to conflicting statements, in the
PSI report, made by the witness and the complainant. 
          A defendant who voluntarily and knowingly enters a plea of guilty waives all
non-jurisdictional defects, where the resulting judgment of conviction was
independent of, and was not supported by, the error. Young v. State, 8 S.W.3d 656,
666–67 (Tex. Crim. App. 2000). 
          Appellant did not raise a complaint in the trial court regarding not being
informed of his legal rights before making a statement. This complaint is waived.
Tex. R. App. P. 33.1. Appellant’s complaint about matters in the PSI report came
after appellant’s plea of guilty. Accordingly, this complaint is independent of his
conviction, and any error did not give rise to his plea of guilty. See id. Because this
complaint is non-jurisdictional, it was waived by appellant’s plea of guilty. See id. Ineffective Assistance
          In his third issue, appellant contends that he received ineffective assistance of
counsel and that it affected the voluntariness of his pleas of guilty. In reviewing
claims of ineffective assistance of counsel, we employ the standard of review set out
in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). Hernandez v.
State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). When a defendant challenges
the voluntariness of a plea entered upon the advice of counsel, contending that his
counsel was ineffective, “the voluntariness of the plea depends on (1) whether
counsel’s advice was within the range of competence demanded of attorneys in
criminal cases and if not, (2) whether there is a reasonable probability that, but for
counsel’s errors, he would not have pleaded guilty and would have insisted on going
to trial.” Ex Parte Moody, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999). As with
other types of ineffective assistance of counsel claims, appellant has the burden to
show that counsel’s performance fell below a reasonable standard of competence;
appellant must also show a reasonable probability that he would have pleaded not
guilty and insisted on going to trial had he been properly advised. Id. at 858. In
addition, appellant also has the burden to prove that his trial counsel’s actions were
not the result of “sound trial strategy.” Saldano v. State, 70 S.W.3d 873, 885 (Tex.
Crim. App. 2002). 
          On appeal, appellant contends that his trial counsel coerced him to “go with”
a PSI, informing appellant that he would “get probation for 10 years.” However, the
record reflects that appellant freely, voluntarily, knowingly, and competently entered
his pleas of guilty, without any threats or promises as to the punishment that he would
receive. Furthermore, appellant’s bare assertion that his trial counsel misinformed
him cannot support a conclusion that appellant’s pleas were involuntary. See
Fimberg v. State, 922 S.W.2d 205, 208 (Tex. App.—Houston [1st Dist.] 1996, pet.
ref’d). 
          Also on appeal, appellant argues that his trial counsel did not investigate, talk
to, or call any witnesses. However, appellant does not point to anything in the record,
nor do we find anything, to overcome the presumption that his trial counsel’s conduct
was reasonable and professional. See Thompson v. State, 9 S.W.3d 808, 814 (Tex.
Crim. App. 1999). In the absence of a record of counsel’s reasoning, we must
generally presume that appellant’s trial counsel had a plausible reason for his actions. 
See id. Accordingly, we hold that appellant failed to establish that his trial counsel’s
advice to enter a plea of guilty without an agreed recommendation from the State was
not within the range of competence required of an attorney in criminal cases. See
Moody, 991 S.W.2d at 858. 
Motion to Withdraw Guilty Pleas
          In his fourth issue, appellant contends that trial court erred in failing to allow
him to withdraw his pleas of guilty. 
          Nothing in the record indicates that appellant filed a motion to withdraw his
guilty pleas. Assuming that appellant filed a motion to withdraw his pleas, appellant
was represented by court-appointed counsel at that time. Appellant does not have a
right to hybrid representation. See Rudd v. State, 616 S.W.2d 623, 625 (Tex. Crim.
App. 1981). Because the trial court could have properly refused the matter on that
basis, we hold that the trial court did not err in refusing to withdraw appellant’s guilty
pleas.
Aggravated Sexual Assault Evidence During PSI Hearing
          In his fifth issue, appellant contends that the trial court unfairly focused on
evidence that he committed the offense of aggravated sexual assault when he pleaded
guilty to aggravated assault and aggravated kidnapping. However, the substance of
appellant’s kidnapping case, as set out in the indictment, involved appellant’s use and
threats to use “deadly force” with intent to “violate and abuse the complainant
sexually.” 
Conclusion
          We hold that appellant has not raised any arguable grounds for appeal. 
Accordingly, we affirm the judgments of the trial court. We grant appellate counsel’s
motion to withdraw. See Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App.
1971); Stephens v. State, 35 S.W.3d 770, 771 (Tex. App.—Houston [1st Dist.] 2000,
no pet.). 

                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Taft, Jennings, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).