**Henry Demps MOORE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43784.**

Court of Criminal Appeals of Texas.

May 5, 1971.

Harry H. Walsh, Roy E. Greenwood, Huntsville, for appellant.

Martin D. Eichelberger, Dist. Atty., Frank M. Fitzpatrick, Jr., Kenneth H. Crow, James R. Barlow and Walter D. Ketler, Asst. Dist. Attys., Waco, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an out-of-time appeal from a conviction for robbery by assault.

The indictment was returned on December 7, 1967 charging the appellant with the robbery of George Gaines on July 21, 1967. The indictment alleged (for enhancement purposes) that the appellant had been convicted of a "felony less than capital and one of like character as alleged against him in the first paragraph hereof, to-wit: Robbery by Assault."

The case came to trial in the 54th District Court of McLennan County on September 30, 1968. The verdict of guilty was returned by the jury on October 1, 1968. The appellant elected to have his punishment assessed by the court and stipulated he was one and the same person who had been convicted of the offense of robbery by assault as alleged in the second paragraph of the indictment. The court thereupon entered its judgment of guilty of robbery by assault and pronounced punishment at the mandatory life imprisonment.

Rollin Khoury was appointed as the appellant's attorney on appeal on October 1, 1968. Khoury had also been the appellant's attorney at trial.

The sentence was pronounced on February 10, 1969. The order recited a sentence

of life for the offense of "Robbery by Firearms, enhanced."

On April 10, 1969, the appellant filed his application for writ of habeas corpus with the trial court, and on August 31, the Mc-Lennan County district attorney filed an application for a bench warrant, which was granted by the court. On September 4, 1969, Walter Smith was appointed to represent the appellant in the writ proceedings.

The hearing was held on September 19, 1969. The court found that the appellant had been denied the right to perfect his appeal and granted this out-of-time appeal.

■ On March 9, 1970, Walter Smith was appointed to represent appellant on appeal. On July 23, 1970, Smith filed a motion to withdraw from the case, citing his opinion that any appeal would be frivolous and without merit, with exception that the sentence should be reformed to read "Robbery by Assault, enhanced," instead of "Robbery by Firearms, enhanced." At that time, Smith filed a brief with the court alleging two grounds of error; first, that the sentence was void, and second, that the fruit of an illegal search was admitted into evidence. On September 3, 1970, the trial court granted Smith's motion to withdraw.[1]

Then, on October 12, 1970, over two years after the original trial, Roy Greenwood, staff counsel for inmates, Texas Department of Corrections, filed with the court a motion to extend his time to file an appellant's brief and a motion for production of the record on appeal and a statement of facts, which was denied. This Court, however, granted the appellant's motion to file a supplemental brief.

The two briefs, together, present three grounds of error, which are: (1) The court erroneously recited in the sentence that the conviction was for robbery with firearms, enhanced; (2) Incriminating evidence was admitted at trial which was obtained from an illegal search and seizure; and (3) That

the appellant was subjected to an illegal pre-trial line-up.

■ After the hearing on the writ, the court, in his findings of fact and conclusions of law, found that the defective sentence was caused by a typographical error and should be corrected. Art. 44.24, Vernon's Ann.C.C.P., gives this Court the authority to "reform and correct the judgment." Here, the judgment recited the correct offense, but the sentence was incorrect due to a typographical error. In order to comply with the terms of the judgment, the sentence is reformed to read, "it is the order of the court that the Defendant, Henry Demps Moore, who has been adjudged guilty of the offense of Robbery by Assault, enhanced." See: Ong v. State, Tex. Cr.App., 397 S.W.2d 234; Binder v. State, Tex.Cr.App., 253 S.W.2d 433.

Appellant's first ground of error is overruled.

■ Next, the appellant complains of an illegal search and seizure.

George Gaines testified that on July 21, 1967, he was manager of the 7–11 Store on Elm Street in east Waco. At 5 or 5:30 in the afternoon, the appellant entered the store with Allen Moore. After walking around the store, they both pulled pistols and the appellant told him, "Yeah. I want all the money taken out of the cash register and put in a paper bag." The appellant threatened to "blow your damn head off" and Gaines put about $190.00 in the bag. They also ordered Gaines to give them the $6.00 from his wallet. They pulled out the cash register drawer to see if there was any more money and one of them said, "If there's any more money in there I'm going to kill you anyway." They then ordered Gaines and Anthony Williams and several other persons to lie on the floor behind the counter. Both Allen Moore and the appellant were wearing big straw Panama hats and they drove of in an Oldsmobile.

---

1. In the light of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, this was improper, as only the appellate court can grant such permission.

Gaines identified State's Exhibit One as the pistol used by Allen Moore and State's Exhibit Two as the pistol used by the appellant. He identified State's Exhibits Three and Four as cans of Spam taken from the store by the two robbers, and he identified Exhibits Six and Seven as packages of Pall Mall cigarettes taken from his store.

Anthony Williams was employed at the 7–11 Store on the day in question. He testified that the appellant came to the cash register and demanded all of the money. There were a few customers in the store at the time. Both the appellant and Allen Moore pulled guns. They put the money in the sacks, and the robbers then took $5 from his wallet. The robbers then ordered them and the other people to lie down on the floor. He positively identified the appellant as one of the robbers and identified State's Exhibit Two as appellant's pistol and Exhibit One as Allen Moore's pistol.

Albert Cecil Young and Leonard Chalk were customers in the store, were both robbed at gunpoint, and were both ordered to lie down behind the counter. They both identified the appellant as one of the robbers and Young identified Exhibit Two as the appellant's pistol.

Doyle Holt, a Waco police officer, investigated the robbery. He got descriptions of the robbers, the car and the stolen groceries, and put this information out on the police radio.

Fred C. Beall, a highway patrolman, testified that he noticed a vehicle in which the appellant was a passenger, driving north on Texas Highway 171 near Bynum, about 42 miles from Waco. Beall was in a vehicle going south. The other car, driven by Allen Moore, was in the process of passing and ran the highway patrolmen off the road. He and his partner turned around and began to pursue the appellant's vehicle, a white automobile. They got behind the appellant's car and put on the red light. The car stopped in Bynum at a service sta-

tion and turned around facing the officers before it came to a stop. The officers pulled behind them, but the vehicle moved around to the side of the station and then stopped again.

The officers were aware that two Negro males in a white Oldsmobile had committed an armed robbery in Waco. A large wad of money was protruding from appellant's left front pocket. Based on their information about the robbery and their observations, they began a search of the car and found two pistols, some bread, and some canned meats. The pistols were identified and introduced into evidence as State's Exhibits One and Two. Two cans of Spam were identified and introduced as State's Exhibits Three and Four.

Beall further testified that there was $191.00 in bills and $20.05 in change. He also testified that the reason for the original arrest was for passing with insufficient clearance. Being aware of the robbery, they were suspicous because the car stopped twice, the driver was nervous, and a large amount of money was protruding from his pocket.

It is the appellant's contention that this search and seizure was unreasonable, and that the fruits thereof were inadmissible. No objection to the introduction of this evidence was made at the trial and nothing is presented for this Court to review. Art. 40.09(6) (a), C.C.P.

Appellant's second ground of error is overruled.

■ Appellant's third ground of error is that the appellant was subjected to a pre-trial line-up identification which did not meet the requirements of Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178.

Chalk was the first witness to mention a line-up. He testified that he did not see the appellant after the robbery, except for a line-up in county jail the Monday after the robbery. No objection was made to his testimony.

Gaines testified that three or four days after the robbery he witnessed the line-up and identified both the appellant and Allen Moore. Several other witnesses to the robbery, including Anthony Williams, also were present at this line-up.

Lonnie Easley was sitting in a car in the 7–11 parking lot and identified the appellant as the person he saw run out of the store on the day in question. He also testified that he identified the appellant at a line-up.

Prior to trial, the court sustained the appellant's motion in limine requesting that the court instruct the State not to "refer to or in any manner allude to any line-up of this Defendant * * * unless the State could prove that at the time such lineups might have been held, if any, the Defendant was represented by counsel and that counsel was present and advised of any such proceeding." The court sustained the motion, but added: "I instruct State's counsel * * * not to mention * * * in the presence of the jury * * the fact that Defendant may have been identified by any witness in an alleged line-up. If the Defendant himself opens it up, that's something else."

The line-up was first elicited by appellant's counsel on the cross-examination of Chalk. It was further brought out on cross-examination of Gaines and Easley. At no time did the State bring out the line-up in the direct examination of any witness; it was all brought out by appellant's counsel.

No objections were made to the identifications made by any of the witnesses. Therefore, any error committed when they viewed the lineup, if so it be, was waived.

Appellant's third ground of error is overruled.

 In still another brief, the appellant challenged the trial court's denial of his motion for production of record and for an extension of time to prepare a brief. This Court has given him the additional time to prepare a supplemental brief which the appellant requested.

He also alleges error in the trial court denied him access to the statement of facts and other court records. Since the time this brief was filed, the appellant has had access to those records and was able to file his supplemental brief. Both of these grounds are now without merit.

There being no reversible error, the judgment, as reformed, is affirmed.