Opinion issued on November 13, 2003
     











In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01026-CR




HURTADO ORLANDO OBREGON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 477893




MEMORANDUM OPINION
 
          Appellant, Hurtado Orlando Obregon, challenges the trial court’s order denying
his motion for post-conviction DNA testing. In two points of error, appellant
contends that: (1) the trial court denied him a fair hearing because the biological
evidence was destroyed in bad faith by the Houston Police Department’s crime lab;
and (2) his constitutional rights were violated. 
           Appellant’s counsel filed a brief stating that, in her opinion, the appeal was
frivolous. The brief meets the requirements of Anders v. California, 386 U.S. 738,
87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record and
stating why there are no arguable grounds for error on appeal. See Gainous v. State,
436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Counsel certifies that she served a
copy of the brief on appellant and advised him of his right to file a pro se response. 
Appellant filed a brief. 
Background
          A jury found appellant guilty of murder and assessed his punishment at
confinement for 50 years in prison, and the Fourteenth Court of Appeals affirmed the
conviction.


 Appellant subsequently filed a pro se motion to obtain DNA testing on
all biological material evidence obtained in the murder investigation. The trial court
denied appellant’s request for DNA testing. Appellant’s motion requested the testing
of tissue found under the victim’s fingernails, hair, clothing fibers, cigarette butts, and
“all other biological materials discovered inside the car and any others adduced from
the investigations of this cause.” The State responded and presented evidence that
it did not possess any biological evidence in existence capable of being tested. 
          The State’s evidence consisted of three affidavits attesting to the state of the
evidence in appellant’s case. The first affidavit was from Melchora Vasquez, the
Harris County District Clerk’s Office Exhibits Clerk, in which she stated the only
evidence they possessed was photographs, a Texas Driver’s license for Jose
Esquivel, the complainant, a telebeeper, a beeper, the autopsy reports, a piece of
paper with a license number written on it, one diagram, and fingerprint cards. The
second affidavit was from Jim Bolding from the Houston Police Department crime
lab, in which he stated that the crime lab did not have custody of any evidence. The
third affidavit was from K.L. McGinnis of the Houston Police Department, in which
he stated that the property room contained four bullets and three bullet fragments but
that a .38 caliber revolver, a package of toilet paper, a pack of Marlboros, and a 12-pack of beer had all been destroyed. 
          After a hearing, the trial court found that appellant failed to meet the
requirements of article 64.01 of the Texas Code of Criminal Procedure and failed to
meet his burden of proof.


 
Standard of Review
          In reviewing the trial court’s decision, we afford almost total deference to the
trial court’s determination of historical-fact issues and application-of-law-to-fact
issues that turn on credibility and demeanor, while we review de novo other
application-of-law-to-fact issues. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997); Torres v. State, 104 S.W.3d 638, 640 (Tex. App.—Houston [1st Dist.]
2003, pet. ref’d). However, the ultimate question of whether a reasonable probability
exists that exculpatory DNA tests would have proven innocence is an
application-of-law-to-fact question that does not turn on credibility and demeanor and
is, therefore, reviewed de novo. Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App.
2002). To obtain post-conviction DNA testing, an applicant must establish by a
preponderance of the evidence that “a reasonable probability exists that [he] would
not have been prosecuted or convicted if exculpatory results had been obtained
through DNA testing.” See Tex. Code Crim. Proc. Ann. art. 64.03(a)(2)(A). Thus,
an applicant must show that “a reasonable probability exists that exculpatory DNA
tests will prove [his] innocence.” Kutzner v. State, 75 S.W.3d 427, 438 (Tex. Crim.
App. 2002). A “reasonable probability” is a probability sufficient to undermine
confidence in the outcome. Ex Parte Guzmon, 730 S.W.2d 724, 733 (Tex. Crim.
App. 1987).
Denial of a Fair DNA Hearing
          In his first point of error, appellant contends that he was denied a fair DNA
hearing because the Houston Police Department’s crime lab destroyed the biological
evidence in bad faith. 
          Article 64.01 provides that a convicted person may submit a motion to the
convicting court requesting DNA testing of evidence containing biological material
that was in the State’s possession during trial. Dinkins v. State, 84 S.W.3d 639, 642
(Tex. Crim. App. 2002). The motion must be accompanied by an affidavit sworn to
by the convicted person, containing statements of fact in support of the motion. Id. 
Article 64.03 of the Code of Criminal Procedure provides, in pertinent part, as
follows:
(a)A convicting court may order forensic DNA testing under this
chapter only if:
 
(1)the court finds that:
(A)the evidence:
(i)still exists and is in a condition making DNA
testing possible; and
(ii)has been subjected to a chain of custody
sufficient to establish that it has not been
substituted, tampered with, replaced, or
altered in any material respect; and
                              (B)    identity was or is an issue in the case; and
 
                    (2)     the convicted person establishes by a preponderance of the
evidence that:
(A)a reasonable probability exists that the person would
not have been prosecuted or convicted if exculpatory
results had been obtained through DNA testing; and
(B)the request for the proposed DNA testing is not
made to unreasonably delay the execution of
sentence or administration of justice.

Tex. Code Crim. Proc. Ann. art. 64.03.

          Here, the evidence in the record reveals that there is no biological evidence
capable of being tested. The record does not reflect that appellant provided contrary
evidence. Further, in its findings of fact, the trial court stated that the appellant failed
to prove that the evidence still existed and was in a condition making DNA testing
possible. Thus, appellant failed to show by a preponderance of the evidence, that he
met the requirements of Article 64.01. We hold that the trial court did not err in
denying appellant’s motion for DNA testing.
          We overrule appellant’s first point of error.
Constitutional Violation
          In his second point of error, appellant contends that he has a constitutional right
against the State’s suppression of exculpatory evidence and that the State wrongfully
destroyed biological evidence without his permission. Appellant further argues that,
if the biological evidence had been preserved and tested, it would have proved his
innocence. 
          Article 64 is premised on the necessity of evidence rather than the explanation
for its absence. Appellant’s claims of suppression or destruction of exculpatory
evidence is raised in the wrong vehicle. Because appellant failed to show that any
biological evidence still exists, appellant failed to meet his burden. See Torres, 104
S.W.3d at 640. Consequently, he is not entitled to a DNA test under Chapter 64.
           We overrule appellant’s second point of error.
          After a review of the record and appellant’s pro se brief, we hold that no
arguable grounds for appeal exist.
                                                   Conclusion
          We affirm the order of the trial court.
          We grant appellant’s counsel’s motion to withdraw. See Moore v. State, 466
S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); Stephens v. State, 35 S.W.3d 770, 771
(Tex. App.—Houston [1st Dist.] 2000, no pet.). 
 
 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Taft, Jennings, and Hanks.
Do not publish. Tex. R. App. P. 47.4.