NUMBER 13-03-032-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

MANUEL BELTRAN, JR.,                                                   Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 230th District Court
of Harris County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Opinion by Justice Rodriguez

         On January 5, 1988, appellant, Manuel Beltran, Jr., was convicted of
aggravated kidnapping. Sentence was imposed at sixty years in the Texas Department
of Criminal Justice, Institutional Division. On February 21, 2002, appellant filed a
motion for post-conviction DNA testing. See Tex. Code Crim. Proc. Ann. art. 64.01-
.04 (Vernon Supp. 2004). A hearing was held on October 24, 2002, and the motion
was denied. A second hearing was held on May 16, 2003 to supplement the record. 
This appeal is from the denial of appellant's motion. See id. at art. 64.05.


 
Furthermore, the trial court has certified that this case "is not a plea bargain case, and
the defendant has the right of appeal." See Tex. R. App. P. 25.2(a)(2). We conclude
that the appeal is frivolous and without merit and affirm the judgment of the trial
court.
I. Facts
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. Anders Brief
         Appellant's court-appointed counsel has filed a brief in which he has concluded
that the appeal is frivolous. See Anders v. California, 386 U.S. 738, 744 (1967). 
Counsel certified that he provided appellant with a copy of the brief. Counsel also
advised appellant of his right to examine a copy of the appellate record and to file a
brief on his own behalf. See id. at 744-45; see also Stafford v. State, 813 S.W.2d
503, 509 (Tex. Crim. App. 1991); High v. State, 573 S.W.2d 807, 813 (Tex. Crim.
App. [Panel Op.] 1978). More than thirty days have passed, and appellant has not
filed a pro se brief. See Anders, 386 U.S. at 744-45; see also High, 573 S.W.2d at
813.
         An Anders brief must provide references to both legal precedent and pages in
the record to demonstrate why there are no arguable grounds to be advanced. High,
573 S.W.2d at 812. Appellant's counsel has filed a brief in which he has concluded
this appeal is wholly frivolous and without merit. Although counsel's brief does not
advance any arguable grounds of error, it does present a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced. See Currie
v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see also High, 573 S.W.2d
at 812. With citation to relevant legal precedent and the record, counsel professionally
evaluates appellant's motion for DNA testing, and the State's response and
supplemental response, which included a transcript of the trial testimony of appellant's
brother as well as affidavits setting out what evidence had been destroyed in 1995
and what physical evidence remained. Counsel notes that the record reflects that the
only evidence still available for DNA testing were the microscopic hairs in the
possession of the Houston Police Department Crime Lab. Based on the testimony of
appellant's brother, coupled with the statement he gave police shortly after the alleged
offenses, and the absence of appellant's DNA in any of the hair samples available for
testing, counsel concludes that the trial court did not err by denying appellant's
request for retesting of the hair samples. Appellant was not able to show by a
preponderance of the evidence a reasonable probability that exculpatory DNA testing
of the remaining hair samples would have prevented either his prosecution or
conviction. See Tex. Code Crim. Proc. Ann. art. 64.03(1)-(2) (Vernon Supp. 2004)
(convicting court may order forensic DNA testing if court finds evidence still exists and
is in condition making DNA testing possible, identity was or is an issue, and convicted
person establishes by preponderance of evidence that reasonable probability exists that
person would not have been prosecuted or convicted if exculpatory results had been
obtained through DNA testing). We conclude counsel's brief meets the requirements
of Anders. Anders, 386 U.S. at 744-45; see High, 573 S.W.2d 812.
III. Independent Review of Record
         The Supreme Court advised appellate courts that upon receiving a “frivolous
appeal” brief, they must conduct “a full examination of all the proceeding[s] to decide
whether the case is wholly frivolous.” Penson v. Ohio, 488 U.S. 75, 80 (1988); see
Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christi 2003, no pet.). 
Accordingly, we have carefully reviewed the record and have found nothing that would
arguably support an appeal. See Stafford, 813 S.W.2d at 509. We agree with
counsel that the appeal is wholly frivolous.
IV. Conclusion
         We conclude the appeal is without merit. The judgment of the trial court is
affirmed.
V. Motion to Withdraw
         Additionally, counsel has requested to withdraw from further representation of
appellant on this appeal. An appellate court may grant counsel's motion to withdraw
filed in connection with an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1
(Tex. Crim. App. 1971); see Stafford, 813 S.W.2d at 511. We grant counsel's motion
to withdraw and order him to notify appellant of the disposition of his appeal and of
the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997).                                                                                     
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Opinion delivered and filed
this 13th day of May, 2004.