NUMBERS 13-05-235-CR,
13-05-247-CR, 

   AND 13-05-248-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

AUBREY MARKEITH ALEXANDER,                               Appellant,

 

                                           v.

 

THE
STATE OF TEXAS,                                              Appellee.

 

 

 

                  On appeal from the 400th
District Court

                          of Fort
Bend County, Texas.

 

 

 

                     MEMORANDUM OPINION

 

                     Before Justices Hinojosa, Yañez, and
Castillo

                        Memorandum Opinion by Justice Castillo

 








Appellant Aubrey
Markeith Alexander pleaded guilty to the offenses, enhanced by two prior felony
convictions, of (1) possession of a controlled substance (cocaine),[1] (2) burglary of a
building,[2] and (3) evading
arrest in a motor vehicle.[3]  The trial court accepted the guilty pleas and
set punishment at five years imprisonment for possession, eight years for
burglary, and sixteen years for evading arrest, and entered judgments of
conviction and sentence.  Alexander
appeals.  His court-appointed counsel filed
an Anders brief.  See Anders v.
California, 386 U.S. 738, 744-45 (1967). 
We affirm.

I.  Background

As part of the
non-negotiated plea proceedings, Alexander executed trial court documents,
admitted in evidence, that demonstrate he understood the trial court's written
admonishments, and waived his statutory and constitutional rights including the
right to (1) trial by jury, (2) remain silent, and (3) cross-examine
witnesses.  For each offense, he signed a
separate written stipulation and judicial confession, admitting he committed
the offenses.  He further admitted his
pleas were voluntarily








 made. 
The trial court entered an order declaring, among other things, that
Alexander voluntarily and knowingly executed court documents waiving his rights
and that, after due admonishments, Alexander understood the consequences of his
guilty pleas and judicially confessed. 
During the punishment hearing, Alexander testified on his own behalf and
admitted he burglarized a building, fled in a vehicle to avoid apprehension by
a police officer, and used and possessed cocaine.  Alexander timely filed his notices of
appeal.  The trial court has certified
that this is not a plea bargain case and Alexander has the right to
appeal.  See Tex. R. App. P. 25.2(a)(2).

II.  Analysis

A.  Anders








Anders addresses the extent
of the duty of a court‑appointed appellate counsel to prosecute a first
appeal from a criminal conviction, after that attorney has conscientiously
determined that there is no merit to the indigent's appeal.  Anders,  386 U.S. at 739.  The requirements of Anders are met in
the event appointed counsel thoroughly studies the record, consults with the
defendant and trial counsel and conscientiously concludes, and so advises the
appellate court, that there are no meritorious grounds of appeal (provided the
appellate court is satisfied from its own review of the record, and in light of
any points personally raised by the defendant, that appointed counsel's
conclusion is correct).  Id. at
741.  If counsel finds the case to be
wholly frivolous, after a conscientious examination of it, he should so advise
the appellate court and request permission to withdraw.  Id. at 744.  That request must, however, be accompanied by
a brief referring to anything in the record that might arguably support the appeal.  Id. 
A copy of counsel's brief should be furnished to the indigent and time
allowed him to raise any points that he chooses; the courtBnot counselBthen proceeds, after a
full examination of all the proceedings, to decide whether the case is wholly
frivolous.  Id.  

If the court agrees,
it may grant counsel's request to withdraw and dismiss the appeal or proceed to
a decision on the merits.  Id.  On the other hand, if the appellate court
finds any of the legal points arguable on their merits (and therefore not
frivolous), it must afford appellant the assistance of counsel to argue the
appeal.  Id.  If the appellate court is satisfied that
counsel has diligently investigated the possible grounds of appeal and agrees
with counsel's evaluation of the case, then leave to withdraw may be allowed
and leave to appeal may be denied.  Id.
at 741‑42.  This procedure would
not force appointed counsel to brief his case against his client, but would
merely afford the latter that advocacy which a non-indigent defendant is able
to obtain.  See id. at 745.  It also induces the appellate court to pursue
all the more vigorously its own review, because of the ready references not
only to the record, but also to the legal authorities as furnished it by
counsel.  Id.








Accordingly, we must,
"after a full examination of all the proceedings . . . decide whether the
case is wholly frivolous."  Id.
at 744; see Penson v. Ohio, 488 U.S. 75, 80 (1988); accord Stafford
v. State, 813 S.W.2d 503, 509‑11 (Tex. Crim. App. 1991).  An appeal is "wholly frivolous" or
"without merit" when it "lacks any basis in law or
fact."  McCoy v. Court of Appeals,
486 U.S. 429, 439 n.10 (1988).  Arguments
are frivolous when they "cannot conceivably persuade the court."  Id. at 436.  An appeal is not wholly frivolous when it is
based on "arguable grounds." Stafford, 813 S.W.2d at 511.

B.  Anders Briefs  

For Alexander's three
appeals, court-appointed counsel has filed a brief asserting that (1) he has
diligently reviewed the entire appellate record and applicable law, and (2) in
his professional opinion, the appeal of the judgment of conviction in each
cause is without merit and is frivolous because the records reflect no
reversible error and there are no grounds upon which an appeal can be
predicated in compliance with Anders.  See High 
v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978).  Counsel provides discussion and an analysis
of Alexander's right to appeal under rule 25.2 of the rules of appellate
procedure.  See Tex. R. App. P. 25.2(a)(2).  Counsel concedes that the only matters upon
which Alexander may rely as a basis for appeal are matters relating to the
adjudication of guilt and the imposition of sentence; however, he finds no
grounds for appeal. 








In the Anders
brief counsel maintains the following: 
(1) the indictment (a) alleges the essential elements of the offense,
(b) affords sufficient notice of the nature and cause of the accusation
necessary to prepare a defense, and (c) absent a motion to quash, error is
forfeited; (2) error as to pretrial motions was not preserved; (3) the written
admonishments, waiver of statutory and constitutional rights, and written
stipulation and judicial confession demonstrate no error either in execution or
in the trial court's approval of them, and substantially comply with article
26.13 of the code of criminal procedure;[4] (4) the evidence was
sufficient to sustain the conviction because the plea of guilty, in and of
itself, satisfies the constitutional requirement that the State prove guilt
beyond a reasonable doubt;[5] (5) the sentence
imposed was within the authorized range of punishment for a state jail felony
offense, enhanced by two prior convictions[6] for each of the three
charges, and does not constitute cruel and unusual punishment; and (6)
Alexander did not object to rulings, orders, or procedures adopted during the
culpability and punishment phases of the proceedings and, accordingly, did not
preserve error for review.[7]








Counsel has provided a
copy of a letter to Alexander in which he apprised Alexander that (1) counsel
filed an Anders brief, (2) Alexander has the right to review the
appellate record and file a brief, and (3) Alexander may file the motion
attached to the letter within thirty days to request a copy of the appellate
record.  Alexander filed the motion in
his three appeals, requesting a copy of the record.  This Court granted the motion, ordered
counsel to provide Alexander a copy of the appellate record and proof to this
Court of compliance with the order, and ordered Alexander to file his pro se
brief within forty-five days of the order. 
By letter to Alexander dated June 14, 2005, counsel apprised Alexander
that he would be forwarding a copy of the appellate record.  Counsel has certified to this Court that he
mailed a copy of the appellate record to Alexander.  The court-ordered deadline for filing a pro
se brief has expired.  Alexander has not
filed a pro se brief.  See McMahon v.
State, 529 S.W.2d 771, 772 (Tex. Crim. App. 1975).

C.  Discussion

In the appellate brief
Alexander reviews (1) the indictment, (2) pre‑trial motions, (3) the plea
proceedings including the pleas, admonishments, and executed court documents,
(4) the sufficiency of the evidence, including court documents admitted in
evidence containing Alexander's judicial confession and waivers of his state
and federal constitutional rights, (5) the sentencing proceedings, including
Alexander's testimony admitting guilt, (6) the legality of the sentence, (7)
the judgment, and (8) objections and preservation of error.  Guided by court-appointed counsel's advocacy
in the appellate brief, see Anders, 386 U.S. at 745, our independent
review of the appellate record, see Penson, 488 U.S. at 80, and law
applicable to the charged offenses, we conclude that the appeals are wholly
frivolous.  See Bledsoe v. State,
178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005);[8] McCoy, 486
U.S. at 439 n.10.








III.  Disposition

Because we conclude
that the appeals are wholly frivolous, we affirm.  Bledsoe, 178 S.W.3d at 828. 

Counsel in this case
has requested to withdraw from further representation of Alexander on
appeal.  An appellate court may grant
counsel's motion to withdraw filed in connection with an Anders
brief.  Moore v. State, 466 S.W.2d
289, 291 n.1 (Tex. Crim. App. 1971); see Stafford, 813 S.W.2d at 511
(noting that Anders brief should be filed with request for withdrawal
from case).  We hereby order counsel to
advise Alexander of the disposition of this case and the availability of
discretionary review.  See Ex parte
Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).  We grant counsel's motion to withdraw as
court‑appointed counsel on appeal.

 

ERRLINDA CASTILLO

Justice

 

Do not publish.

Tex. R. App. P.47.2(b).

 

Memorandum Opinion delivered and filed

this 16th  day
of March  2006.

 



 











[1]See Tex.
Health & Safety Code Ann. '481.115 (Vernon 2003). In trial court cause number 38,912A,
appeal number 13-05-248-CR, the amended indictment alleged that Alexander
possessed less than one gram of cocaine, enhanced with prior felony
convictions.





[2]See Tex.
Pen. Code Ann. _38.02 (Vernon 2003). In trial court
cause number 38,910, appeal number 13-05-235-CR, the indictment alleged that
Alexander intentionally and knowingly entered a building not then open to the
public without the effective consent of the owner with the intent to commit
theft.





[3]See Tex.
Pen. Code Ann. _30.04 (Vernon 2003). In trial court
cause number 38,911A, appeal number 13-05-247-CR, the indictment alleged that
Alexander intentionally fled in a motor vehicle from a peace officer attempting
to lawfully detain him.  





[4] Tex.
Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2005).





[5] Tex.
Code Crim. Proc. Ann. art. 1.15 (Vernon 2005) (requiring the State to
adduce evidence of guilt).





[6] Tex.
Pen. Code Ann. _12.33 (Vernon 2003).





[7] Tex.
R. App. P. 33.1. 





[8] In the underlying case in
Bledsoe v. State, No. 12‑00‑00271‑CR, 2003 Tex. App.
LEXIS 9860 (Tex. App.BTyler Nov. 19, 2003) (not
designated for publication), our sister court appointed appellant new appellate
counsel after finding merit in the appellant's pro se brief filed in response
to first counsel's Anders brief. 
After the second appointed counsel also filed an Anders brief,
our sister court agreed with counsel's determination under Anders and
affirmed the trial court judgment.  Id.  On the appellant's pro se petition for
discretionary review, the practical implication of the court of criminal
appeals' opinion is that Anders requirements were met when our sister
court found merit to the appellant's pro se brief filed in connection with the
first Anders brief, allowed first appellate counsel to withdraw,
appointed new appellate counsel, and handed down an opinion that complied with
rule 47.1 of the appellate rules without addressing the merits of the pro se
brief in the subsequent Anders appeal. 
Bledsoe v. State, 178 S.W.3d 824, 826-27(Tex. Crim. App. 2005).