NUMBER 13-05-644-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

JUAN CARLOS CANTU,                                            Appellant,

 

                                           v.

 

THE
STATE OF TEXAS,                                              Appellee.

 

 

 

                  On appeal from the 105th
District Court

                           of Kleberg
County, Texas.

 

 

 

                     MEMORANDUM OPINION

 

        Before Chief Justice Valdez and Justices Rodriguez
and Castillo

                        Memorandum Opinion by Justice Castillo

 








Appellant, Juan Carlos
Cantu, pleaded guilty to burglary of a habitation.[1]  The trial court accepted the guilty plea and
deferred adjudication, placing Cantu on community supervision for a term of
eight years.  During the term of the
deferred adjudication, the State filed a motion to revoke community supervision
and adjudicate guilt.  After an
evidentiary hearing, the trial court withdrew its order deferring adjudication,
and entered a judgment of conviction. 
Cantu was sentenced to a term of ten years confinement with an
intermediate stay at boot camp, and assessed a $5,000.00 fine.  Thereafter, but within 180 days of
sentencing, the trial court suspended Cantu's sentence by granting shock
probation under article 42.12, section 8 of the Texas Code of Criminal
Procedure.  Tex. Code Crim. Proc. Ann. art. 42.12 _ 8 (Vernon 1979).  However, the State again filed a motion to revoke
community supervision, setting forth twelve counts of Cantu's alleged
violations.  Cantu pleaded true to eleven
of the twelve counts.  The trial court
found (1) Cantu had violated the conditions of this community supervision, and
(2) revoked community supervision, assessing punishment at ten years'
imprisonment and a $5,000.00 fine.  The
trial court certified that this is not a plea-bargain case and that Cantu has
the right to appeal.  See Tex. R. App. P. 25.2(a)(2).  Cantu appealed and his court-appointed
counsel filed an Anders brief.  See
Anders v. California, 386 U.S. 738, 744-45 (1967).  We affirm. 


I.  Analysis

A.  Anders













Anders addresses the extent
of the duty of a court‑appointed appellate counsel to prosecute a first
appeal from a criminal conviction, after that attorney has conscientiously
determined that there is no merit to the indigent's appeal.  Anders,  386 U.S. at 739.[2]  If counsel finds the case to be wholly
frivolous, after a conscientious examination of it, he should so advise the
appellate court and request permission to withdraw.  Id. at 744.  That request must, however, be accompanied by
a brief referring to anything in the record that might arguably support the
appeal.  Id.  A copy of counsel's brief should be furnished
to the indigent and time allowed him to raise any points that he chooses; the
courtBnot counselBthen proceeds, after a
full examination of all the proceedings, to decide whether the case is wholly
frivolous.  Id.        If
the court agrees, it may grant counsel's request to withdraw and dismiss the
appeal or proceed to a decision on the merits. 
Id.  On the other hand, if
the appellate court finds any of the legal points arguable on their merits (and
therefore not frivolous), it must afford appellant the assistance of counsel to
argue the appeal.  Id.  Accordingly, we must, "after a full
examination of all the proceedings . . . decide whether the case is wholly
frivolous."  Id. at 744; see
Penson v. Ohio, 488 U.S. 75, 80 (1988); accord Stafford v. State,
813 S.W.2d 503, 509‑11 (Tex. Crim. App. 1991).  An appeal is "wholly frivolous" or
"without merit" when it "lacks any basis in law or
fact."  McCoy v. Court of Appeals,
486 U.S. 429, 439 n.10 (1988).  An appeal
is not wholly frivolous when it is based on "arguable grounds." Stafford,
813 S.W.2d at 511.

B.  Anders Brief  

Court-appointed
counsel has filed a brief asserting that (1) he has diligently reviewed the
entire record and applicable law, and (2) in his professional opinion, the
appeal is without merit and is frivolous because the record reflects no
reversible error and there are no grounds upon which an appeal can be
predicated in compliance with Anders.  See High v. State, 573 S.W.2d 807, 813
(Tex. Crim. App. 1978).  Counsel provides
discussion and an analysis of Cantu's right to appeal under rule 25.2 of the
rules of appellate procedure.  See Tex. R. App. P. 25.2(a)(2).  Counsel indicates that the only matter upon
which Cantu may rely as a basis for appeal is count eight of the motion to
revoke community supervision which is subject of this appeal.[3]  However, he finds no grounds for appeal. 

Counsel has provided a
copy of a letter to Cantu in which he apprised Cantu that (1) counsel filed an Anders
brief, (2) Cantu has the right to review the appellate record and file a brief,
and (3) counsel provided Cantu with a copy of the record.  Cantu has not filed a pro se brief on his own
behalf, and the deadline for filing a pro se brief has expired.  See McMahon v. State, 529 S.W.2d 771,
772 (Tex. Crim. App. 1975).








C.  Discussion








In the appellate
brief, counsel reviews the following: 
(1) the original plea and deferred adjudication; (2) the plea proceeding
including the plea and admonishment; (3) the sufficiency of the evidence; (4)
the sentencing proceedings, including Cantu's testimony admitting guilt;[4]
(5) the legality of the sentence;[5]
(6) the first and subsequent motions to revoke community supervision, and the
trial court's imposition of sanctions without adjudicating guilt or revoking
Cantu's community supervision as to the prior motions; (7) the amended motion
to revoke;[6]
including the evidentiary hearing and the trial court's withdrawal of its order
deferring adjudication and entering a judgment of conviction as well as the
punishment phase of the hearing, wherein the trial court sentenced Cantu to a
term of ten years' confinement with an intermediate stay at boot camp, as well
as a $5,000.00 fine; (8) the suspension of Cantu's sentence within 180 days of
sentencing, and granting of shock probation; (9) the State's motion to revoke
community supervision which is subject of this appeal; and evidentiary hearing;
and (10) objections and preservation of error. 
Guided by court-appointed counsel's advocacy in the appellate brief, see
Anders, 386 U.S. at 745, our independent review of the appellate record, see
Penson, 488 U.S. at 80, and law applicable to the charged offenses, we
conclude that the appeal is wholly frivolous. 
See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App.
2005); McCoy, 486 U.S. at 439 n.10.

II.  Disposition

Because we conclude
that the appeal is wholly frivolous, we affirm. 
Bledsoe, 178 S.W.3d at 828. 

Counsel in this case
has requested to withdraw from further representation of 

Cantu on appeal.  An appellate court may grant counsel's motion
to withdraw filed in connection with an Anders brief.  Moore v. State, 466 S.W.2d 289, 291
n.1 (Tex. Crim. App. 1971); see Stafford, 813 S.W.2d at 511 (noting that
an Anders brief should be filed with request for withdrawal from
case).  We hereby order counsel to advise
Cantu of the disposition of this case and the availability of discretionary
review.  See Ex parte Wilson, 956
S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).  We grant counsel's motion to withdraw as
court‑appointed counsel on appeal.    

ERRLINDA CASTILLO

Justice

Do not publish.

Tex. R. App. P.47.2(b).

 

Memorandum Opinion delivered and filed

this the 1st 
day of June,  2006.                                               

 











[1] Tex. Pen.
Code Ann. _ 30.02(a)(3) (Vernon 1999).





[2] The requirements of Anders
are met in the event appointed counsel thoroughly studies the record, consults
with the defendant and trial counsel and conscientiously concludes, and so
advises the appellate court, that there are no meritorious grounds of appeal
(provided the appellate court is satisfied from its own review of the record,
and in light of any points personally raised by the defendant, that appointed
counsel's conclusion is correct).  See
Anders v. California, 386 U.S. 738, 741 (1967).  





[3] Count eight of the motion to
revoke community supervision alleged that the defendant associated with felons,
marijuana users or those likely to commit a crime in violation of condition 0-1
of his community supervision.  However,
in response to a two-part question by the trial court at the time of the
hearing on the revocation of the community supervision, Cantu admitted that he
had associated with felons and marijuana users. 






[4] The evidence was sufficient to
sustain the conviction because the plea of guilty, in and of itself, satisfies
the constitutional requirement that the State prove guilt beyond a reasonable
doubt.  Tex.
Code Crim. Proc. Ann. art. 1.15 (Vernon 2005).





[5] The sentence imposed was within
the authorized range of punishment for burglary of a habitation.  Tex.
Pen. Code Ann. _ 12.33 (Vernon 2003).





[6] It is noted that although counsel
mentions an original and then third amended motion to revoke community
supervision in the Anders brief, the clerk's record evidences numerous
motions which were filed because Cantu allegedly refused to comply with the
requirements of continued community supervision.