NUMBER 13-05-404-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

LEONARD RAY HASKINS,                                         Appellant,

 

                                           v.

 

THE
STATE OF TEXAS,                                              Appellee.

 

 

 

                  On appeal from the 117th
District Court

                           of Nueces
County, Texas.

 

 

 

                     MEMORANDUM OPINION[1]

 

          Before Chief Justice Valdez and Justices Yañez
and Castillo

                        Memorandum Opinion by Justice Castillo

 








Appellant Leonard Ray
Haskins was indicted,[2]
tried before a jury, found guilty of capital murder, and sentenced to life
imprisonment.  Haskins appealed.  The trial court has certified that this is
not a plea bargain case and Haskins has the right to appeal.  See Tex.
R. App. P. 25.2.  His
court-appointed counsel filed an Anders brief.  See Anders v. California, 386 U.S. 738
(1967).  We affirm.  

I.  Background

Before the victim was
stabbed, he was robbed and a scuffle occurred. 
Forensic evidence admitted at trial showed that the victim's blood was
on Haskins' clothes.  Haskins' blood was
on the victim's clothes.  Haskins wrote a
letter while incarcerated requesting an accomplice say Haskins acted in
self-defense and was handed the knife by another co-defendant.  In a recorded telephone call from jail to his
girlfriend's mother, Haskins admitted that he "cut for [the
girlfriend]."  In another recorded
telephone call from jail, Haskins requested that a witness change her version
of the events.  Testimony showed that,
before the fatal stabbing, Haskins requested the victim to surrender his money
and at least one accomplice requested the victim's  keys to his vehicle.  Haskins fled as police arrived at the scene
and fled again two days later when he made eye contact with a police officer.    

II.  Anders Brief  








A.  Court Appointed Counsel's Opinion

Haskins'
court-appointed counsel has filed a brief in which she asserts she has
thoroughly and diligently reviewed the entire appellate record and the
applicable law in compliance with Anders.  See id.  Haskins' counsel provides discussion of the
regularity and adequacy of the following: 
(1) the indictment, the enhancement paragraph, and the deadly weapon
allegation and finding; (2) the legal and factual sufficiency of the evidence;
(3) the voir dire proceedings; (4) the objections and rulings; (5) the trial
court's charge to the jury; (6) the sentencing proceedings; (7) the legality of
the sentence; and (8) the judgment. 
Counsel asserts that, in her 
professional opinion, the appeal of the judgment of conviction and
sentence in this cause is without merit and is frivolous because the record
reflects no reversible error and there are no grounds upon which an appeal can
be predicated that would support a reversal or an acquittal.  Counsel certifies that she has provided a
copy of the Anders brief to Haskins and an explanation of his right to
review the record and file a pro se brief. 
To date, Haskins has not filed a pro se brief.  Counsel has filed a motion to withdraw.

B.  The Law








Anders addresses the extent
of the duty of a court‑appointed appellate counsel to prosecute a first
appeal from a criminal conviction, after that attorney has conscientiously
determined that there is no merit to the indigent's appeal.  Anders,  386 U.S. at 739.  The requirements of Anders are met in
the event appointed counsel thoroughly studies the record, consults with the
defendant and trial counsel and conscientiously concludes, and so advises the
appellate court, that there are no meritorious grounds of appeal; and provided
that the appellate court is satisfied from its own review of the record, in
light of any points personally raised by the defendant, that appointed
counsel's conclusion is correct.  Id.
at 741.  If counsel finds the case to be
wholly frivolous, after a conscientious examination of it, she should so advise
the appellate court and request permission to withdraw.  Id. at 744.  That request must, however, be accompanied by
a brief referring to anything in the record that might arguably support the
appeal.  Id.  A copy of counsel's brief should be furnished
to the indigent and time allowed to him to raise any points he chooses; the
court B not counsel B then proceeds, after
a full examination of all the proceedings, to decide whether the case is wholly
frivolous.  Id.  If it so finds, it may grant counsel's
request to withdraw and dismiss the appeal or proceed to a decision on the
merits.  Id. 








On the other hand, if
the appellate court finds any of the legal points arguable on their merits (and
therefore not frivolous) it must, prior to decision, afford the indigent the
assistance of counsel to argue the appeal. 
Id.  If the appellate court
is satisfied that counsel has diligently investigated the possible grounds of
appeal and agrees with counsel's evaluation of the case, then leave to withdraw
may be allowed and leave to appeal may be denied.  Id. at 741‑42.  This procedure would not force appointed
counsel to brief the case against her client but would merely afford the latter
the advocacy which a nonindigent defendant is able to obtain.  See id. at 745. It would also induce
the appellate court to pursue all the more vigorously its own review because of
the ready references not only to the record, but also to the legal authorities
as furnished it by counsel.  Id.

Accordingly, we must,
"after a full examination of all the proceedings, . . . decide whether the
case is wholly frivolous."  Id.
at 744; see Penson v. Ohio, 488 U.S. 75, 80 (1988); accord Stafford
v. State, 813 S.W.2d 503, 509‑11 (Tex. Crim. App. 1991).  An appeal is "wholly frivolous" or
"without merit" when it "lacks any basis in law or
fact."  McCoy v. Court of Appeals,
486 U.S. 429, 439 n.10 (1988). Arguments are frivolous when they "cannot
conceivably persuade the court."  Id.
at 436.  An appeal is not wholly
frivolous when it is based on "arguable grounds." Stafford,
813 S.W.2d at 511.  If we determine, from
our independent review of the entire record, that the appeal is wholly
frivolous, we may affirm the trial court's judgment by issuing an opinion in
which we explain that we have reviewed the record and have found no reversible
error.  Bledsoe v. State, 178
S.W.3d 824, 826‑28 (Tex. Crim. App. 2005).  The holding that there are no arguable
grounds for appeal is subject to challenge by an appellant by a petition for
discretionary review filed in the Court of Criminal Appeals.  Id. at 827 & n.6.   

C.  Application








Guided by
court-appointed counsel's advocacy in the appellate brief, see Anders,
386 U.S. at 745, our independent review of the appellate record, see Penson,
488 U.S. at 80, and law applicable to the charged offense, we conclude that no
arguable grounds for appeal exist and find no reversible error.  Bledsoe, 178 S.W.3d at 828.  We further conclude that the appeal is wholly
frivolous.  See id.; McCoy, 486
U.S. at 439 n.10.

III.  Disposition

We affirm the trial
court judgment of conviction and sentence. 
An appellate court may grant counsel's motion to withdraw filed in
connection with an Anders brief.  Moore
v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); see Stafford,
813 S.W.2d at 511(noting that an Anders brief should be filed with
request for withdrawal from case). 
Counsel in this case has requested to withdraw from further
representation of Haskins on appeal.  We
hereby order counsel to advise Haskins of the disposition of this appeal and
the availability of discretionary review. 
See  Bledsoe, 178 S.W.3d at
827 & n.6; Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997)
(en banc) (per curiam).  We grant
counsel's motion to withdraw as Haskin's court‑appointed counsel on
appeal.

ERRLINDA CASTILLO

Justice

Do not publish.

Tex. R. App. P. 47.2(b)

 

Memorandum Opinion delivered and filed

this 27th day of July, 2006.

 











[1]See Tex.
R. App. P. 47.1, 47.4.  





[2] The indictment alleged that on or
about March 20, 2004, Haskins intentionally caused the death of James Haynes by
stabbing him with a knife, a deadly weapon, while in the course of committing
or attempting to commit robbery.  See
Tex. Pen. Code Ann. _19.03(a)(2) (Vernon Supp. 2005) (stating that a
person commits capital murder if he commits murder in the course of committing
or attempting to commit robbery).  The
indictment contained an enhancement paragraph alleging a prior conviction for
aggravated assault.