NUMBER 13-06-123-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG







ELOY ESPINOSA
, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 




On appeal from the 319th District Court


of Nueces County, Texas.






MEMORANDUM OPINION (1)



Before Chief Justice Valdez and Justices Yañez and Castillo


Memorandum Opinion by Justice Castillo



 Appellant Eloy Espinosa was indicted, (2) pleaded guilty, placed on community
supervision, and ultimately sentenced to a thirty-year concurrent term in the Texas
Department of Criminal Justice-Institutional Division. Espinosa appealed. The trial
court has certified that this is not a plea bargain case and Espinosa has the right to
appeal. See Tex. R. App. P. 25.2(a)(2). Espinosa's court-appointed counsel filed an
Anders brief. See Anders v. California, 386 U.S. 738 (1967). We affirm. 

I. Background

 In a written statement to police, Espinosa confessed guilt. He pleaded guilty to
the two counts alleged in the indictment, and the trial court deferred adjudication of
guilt. On the State's final motion to adjudicate guilt and revoke community
supervision, (3) he pleaded not true to the State's allegations of violations of the terms
and conditions of community supervision. The trial court convened an evidentiary
hearing in which Espinosa testified in his own behalf. The trial court found three
allegations true, adjudicated guilt, revoked community supervision, and imposed
punishment. 

II. Anders Brief 

A. Court Appointed Counsel's Opinion

 Espinosa's court-appointed counsel has filed a brief in which she asserts she has
thoroughly and diligently reviewed the entire appellate record and the applicable law
in compliance with Anders. See id. Espinosa's counsel provides discussion of the
regularity and adequacy of the following: (1) the indictment; (2) the terms and
conditions of court-ordered community supervision; (3) the allegations in the State's
motion to revoke; (4) the evidentiary hearing; (5) the sufficiency of the evidence to
adjudicate guilt; (6) the trial court's decision to adjudicate guilt; (7) sentencing
proceedings; (8) the validity of the punishment; (9) the legality of the sentence; (10)
the propriety of the judgment; (11) Espinosa's competency to stand trial; (4) and (12)
effectiveness of trial counsel. Counsel asserts that, in her professional opinion, the
appeal of the judgment of conviction and sentence in this cause is without merit and
is frivolous because the record reflects no basis to urge reversal, reform the judgment,
or seek acquittal. She further asserts that she finds no arguable issues that would
warrant a new trial. Counsel certifies that she has provided a copy of the Anders brief
to Espinosa, an explanation as to (a) procuring the appellate record, (b) his right to
review the record, and ( c) his right to file a pro se brief. To date, Espinosa has not
filed a pro se brief. Counsel has filed a motion to withdraw.

B. The Law

 Anders addresses the extent of the duty of a court-appointed appellate counsel
to prosecute a first appeal from a criminal conviction, after that attorney has
conscientiously determined that there is no merit to the indigent's appeal. Anders,
386 U.S. at 739. The requirements of Anders are met in the event appointed counsel
thoroughly studies the record, consults with the defendant and trial counsel and
conscientiously concludes, and so advises the appellate court, that there are no
meritorious grounds of appeal; and provided that the appellate court is satisfied from
its own review of the record, in light of any points personally raised by the defendant,
that appointed counsel's conclusion is correct. Id. at 741. If counsel finds the case
to be wholly frivolous, after a conscientious examination of it, she should so advise
the appellate court and request permission to withdraw. Id. at 744. That request
must, however, be accompanied by a brief referring to anything in the record that
might arguably support the appeal. Id. A copy of counsel's brief should be furnished
to the indigent and time allowed to him to raise any points he chooses; the court-not
counsel-then proceeds, after a full examination of all the proceedings, to decide
whether the case is wholly frivolous. Id. If it so finds, it may grant counsel's request
to withdraw and dismiss the appeal or proceed to a decision on the merits. Id. 

 On the other hand, if the appellate court finds any of the legal points arguable
on their merits (and therefore not frivolous) it must, prior to decision, afford the
indigent the assistance of counsel to argue the appeal. Id. If the appellate court is
satisfied that counsel has diligently investigated the possible grounds of appeal and
agrees with counsel's evaluation of the case, then leave to withdraw may be allowed
and leave to appeal may be denied. Id. at 741-42. This procedure would not force
appointed counsel to brief the case against her client but would merely afford the latter
the advocacy which a nonindigent defendant is able to obtain. See id. at 745. It
would also induce the appellate court to pursue all the more vigorously its own review
because of the ready references not only to the record, but also to the legal authorities
as furnished it by counsel. Id.

 Accordingly, we must, "after a full examination of all the proceedings, . . .
decide whether the case is wholly frivolous." Id. at 744; see Penson v. Ohio, 488
U.S. 75, 80 (1988); accord Stafford v. State, 813 S.W.2d 503, 509-11 (Tex. Crim.
App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any
basis in law or fact." McCoy v. Court of Appeals, 486 U.S. 429, 439 n.10 (1988). 
Arguments are frivolous when they "cannot conceivably persuade the court." Id. at
436. An appeal is not wholly frivolous when it is based on "arguable grounds." 
Stafford, 813 S.W.2d at 511. If we determine, from our independent review of the
entire record, that the appeal is wholly frivolous, we may affirm the trial court's
judgment by issuing an opinion in which we explain that we have reviewed the record
and have found no reversible error. Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex.
Crim. App. 2005). The holding that there are no arguable grounds for appeal is
subject to challenge by an appellant by a petition for discretionary review filed in the
Court of Criminal Appeals. Id. at 827 & n.6. 

C. Application

 Guided by court-appointed counsel's advocacy in the appellate brief, see 
Anders, 386 U.S. at 745, our independent review of the appellate record, see Penson,
488 U.S. at 80, and law applicable to the charged offense and sentence imposed, we
conclude that no arguable grounds for appeal exist and find no reversible error. 
Bledsoe, 178 S.W.3d at 828. We further conclude that the appeal is wholly frivolous. 
See id.; McCoy, 486 U.S. at 439 n. 10. 

III. Disposition

 We affirm the trial court judgment of conviction and sentence. An appellate
court may grant counsel's motion to withdraw filed in connection with an Anders brief. 
Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); see Stafford, 813
S.W.2d at 511(noting that an Anders brief should be filed with request for withdrawal
from case). Counsel in this case has requested to withdraw from further
representation of Espinosa on appeal. We hereby order counsel to advise Espinosa of
the disposition of this appeal and the availability of discretionary review. See Bledsoe,
178 S.W.3d at 827 & n.6; Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App.
1997) (en banc) (per curiam). We grant counsel's motion to withdraw as Espinosa's
court-appointed counsel on appeal.


 ERRLINDA CASTILLO

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b). 


Memorandum Opinion delivered and filed

this 24th day of August, 2006.
1. See Tex. R. App. P. 47.1, 47.2, 47.4. 
2. The indictment alleged two counts of aggravated sexual assault of a child. See Tex. Pen. Code
Ann. §22.021(a)(1)(B)(i) (Vernon Supp. 2006). 
3. The record shows that Espinosa was on community supervision for approximately eight years
before adjudication of guilt, revocation, and punishment. See Tex. Code Crim. Proc. Ann. art.
42.12(3)(a) (Vernon Supp. 2006).
4. After evaluation of the record, including the evidentiary hearing, appellate counsel asserts that
Espinosa's testimony was coherent and articulate, demonstrating that he understood the questions, and
he responded logically. The record supports the assessment.