NUMBER 13-05-564-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


THOMAS MISTROT, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 377th District Court of Victoria, Texas.

 

MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Vela


Memorandum Opinion by Chief Justice Valdez

 

 Appellant, Thomas Mistrot ("Mistrot"), appeals revocation of his community
supervision. On March 19, 2003, Mistrot pleaded guilty to the offense of assault on a
public servant. See Tex. Pen. Code Ann. § 22.01 (Vernon 2003). The trial court assessed
punishment at ten years' confinement, suspended imposition of the sentence, and placed
Mistrot on community supervision for five years. On April 5, 2005, the State filed a motion
to revoke. Following an evidentiary hearing, the trial court revoked Mistrot's community
supervision and sentenced him to ten years' confinement in the Institutional Division of the
Texas Department of Criminal Justice. We conclude that Mistrot's appeal is frivolous and
without merit. We affirm. 

I. ANDERS BRIEF

 Appellant's counsel has filed an Anders brief with this Court in which he states that
he has diligently reviewed the record and concludes that appellant has no non-frivolous
grounds for appeal. See Anders v. California, 386 U.S. 738, 744-45 (1967). Although
counsel's brief does not advance any arguable grounds of error, it does present a
professional evaluation of the record demonstrating why there are no arguable grounds to
be advanced on appeal. Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App.
1991) (en banc). In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App.
1978), counsel has carefully discussed why, under controlling authority, there are no errors
in the trial court's judgment. Counsel certifies that he has served a copy of his brief on
appellant and informed appellant of his right to file a pro se brief. We conclude counsel's
brief meets the requirements of Anders. See Anders, 386 U.S. at 744; High, 573 S.W.2d
at 812. More than thirty days have passed and no pro se brief has been filed. 

II. INDEPENDENT REVIEW

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief and we have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826 (Tex. Crim. App. 2005). We agree the appeal is frivolous and without merit. 
Accordingly, we affirm the judgment of the trial court. See id.; Stafford, 813 S.W.2d at 509.

III. MOTION TO WITHDRAW

 An appellate court may grant counsel's motion to withdraw filed in connection with
an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); Stafford
813 S.W.2d at 511 (noting that Anders brief should be filed with request for withdrawal
from case). We grant counsel's motion to withdraw. We order counsel to advise appellant
promptly of the disposition of the case and the availability of discretionary review. See Ex
parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam). 


 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 1ST day of March, 2007.