NUMBER 13-06-00527-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

 


ERNEST TAMEZ, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court of San Patricio County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Chief Justice Valdez



 Appellant, Ernest Tamez, pleaded guilty to evading arrest or detention with a motor
vehicle. See Tex. Penal Code Ann. § 38.04(b)(1) (Vernon Supp. 2006). The trial court
assessed punishment at two years' confinement. Agreeing with appointed counsel's
conclusion that the record fails to show an arguable basis for appeal, we affirm the
judgment and grant counsel's motion to withdraw. 


I. Compliance with Anders v. California

 Appellant's court-appointed counsel filed an Anders brief in which he has concluded
that there is nothing that merits review on direct appeal. Anders v. California, 386 U.S.
738, 744 (1967). Appellant's brief meets the requirements of Anders. Id. at 744-45; see
High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance
with Anders, counsel presented a professional evaluation of the record and referred this
Court to what, in his opinion, are all issues which might arguably support an appeal. See
Anders, 386 U.S. at 744; Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see
also High, 573 S.W.2d at 812. Counsel informed this Court that: (1) he diligently read and
reviewed the record and the circumstances of appellant's conviction; (2) he believes that
there are no arguable grounds to be advanced on appeal; and (3) he forwarded to
appellant a copy of the brief filed in support of his motion to withdraw with a letter informing
appellant of his right to review the record and to file a pro se brief. See Anders, 386 U.S.
at 744-45; see also Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991); High,
573 S.W.2d at 813. 

II. Independent Review

 The United States Supreme Court advised appellate courts that upon receiving a
"frivolous appeal" brief, they must conduct "a full examination of all the proceedings to
decide whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see
Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). 
Accordingly, we have carefully reviewed the record and have found nothing that would
arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824, 826 (Tex. Crim. App.
2005); Stafford, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly
frivolous and without merit. See Bledsoe, 178 S.W.3d at 827-28 ("Due to the nature of
Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs
and reviewed the record for reversible error but found none, the court of appeals met the
requirements of Texas Rule of Appellate Procedure 47.1."). Accordingly, we affirm the
judgment of the trial court. 

III. Motion to Withdraw

 An appellate court may grant counsel's motion to withdraw in connection with an
Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); Stafford,
813 S.W.2d at 511 (noting that Anders brief should be filed with request to withdraw from
case). We grant counsel's motion to withdraw. We order counsel to advise appellant
promptly of the disposition of the case and the availability of discretionary review. See Ex
parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam). 


 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 9th day of August, 2007.