NUMBER 13-05-00322-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

 


FRANKIE LEE PRIM, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 206th District Court of Hidalgo County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela

Memorandum Opinion by Chief Justice Valdez


 Appellant, Frankie Lee Prim, appeals from his conviction of aggravated sexual
assault. Tex. Penal Code Ann. § 22.021 (Vernon Supp. 2006). Prim's appellate counsel,
concluding that "there are no arguable grounds to be advanced on appeal," filed an Anders
brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm.

I. BACKGROUND

 Prim was indicted on one count of aggravated sexual assault, two counts of sexual
assault, and two counts of indecency with a child by contact. On June 27, 2003, Prim
pleaded guilty to the aggravated sexual assault charge and was sentenced to seven years
in prison; he did not appeal the underlying conviction. Instead, Prim filed a pro se motion
for forensic DNA testing on March 24, 2005. See Tex. Code Crim. Pro. Ann. art. 64.01
(Vernon 2006). The trial court held a hearing on Prim's motion for forensic DNA testing
and denied it. This appeal ensued.

II. DISCUSSION

A. Compliance with Anders v. California

 Appellant's court-appointed counsel filed an Anders brief, in which he concludes
there is nothing that merits review on direct appeal. Anders v. California, 386 U.S. 738,
744 (1967). Appellant's brief meets the requirements of Anders. Id. at 744-45; see High
v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance with
Anders, counsel presented a professional evaluation of the record and referred this Court
to what, in his opinion, are all issues which might arguably support an appeal. See Anders,
386 U.S. at 744; Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see also
High, 573 S.W.2d at 812. 

 Counsel has informed this Court that: (1) he has diligently read and reviewed the
record and the circumstances of appellant's conviction, including the facts of the case and
the lack of physical evidence, which would be needed to conduct DNA testing; (2) he
believes that there are no arguable grounds to be advanced on appeal; and (3) he
forwarded to appellant a copy of the brief along with a letter informing appellant of his right
to review the record and to file a pro se brief. See Anders, 386 U.S. at 744-45; see also
Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991) (en banc); High, 573
S.W.2d at 813. No pro se brief has been filed.

B. Independent Review

 The United States Supreme Court advised appellate courts that upon receiving a
"frivolous appeal" brief, they must conduct "a full examination of all the proceedings to
decide whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see
Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). 
Accordingly, we have carefully reviewed the record and have found nothing that would
arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824, 826 (Tex. Crim. App.
2005); Stafford, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly
frivolous and without merit. See Bledsoe, 178 S.W.3d at 827-28 ("Due to the nature of
Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs
and reviewed the record for reversible error but found none, the court of appeals met the
requirements of Texas Rule of Appellate Procedure 47.1.").

III. CONCLUSION

 The judgment of the trial court is affirmed. An appellate court may grant counsel's
motion to withdraw filed in connection with an Anders brief. Moore v. State, 466 S.W.2d
289, 291 n.1 (Tex. Crim. App. 1971); see Stafford, 813 S.W.2d at 511 (noting that Anders
brief should be filed with request for withdrawal from case). We note that counsel has not
filed a motion to withdraw in this case. If counsel wishes to file a motion to withdraw, he
must file the motion no later than fifteen days from the date of this opinion. Furthermore,
we order counsel to notify appellant of the disposition of this appeal and of the availability
of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997)
(en banc) (per curiam).

 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 5th day of July, 2007.