NUMBER 13-07-022-CR


 

COURT OF APPEALS


 

THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


KELLY SIMPSON, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 94th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Benavides, and Vela


Memorandum Opinion by Justice Benavides



 Appellant, Kelly Simpson, pled guilty in open court to murder. Tex. Penal Code
Ann. § 19.02 (Vernon Supp. 2006). He was sentenced to ninety-nine years in the
Institutional Division of the Texas Department of Criminal Justice. Simpson's appellate
counsel, concluding that "there are no arguable grounds to be advanced on appeal," filed
a brief in which he reviewed the merits, or lack thereof, of the appeal. Appellant has filed
a pro se brief. We affirm.

I. DISCUSSION


A. Compliance with Anders v. California

 Appellant's counsel filed an Anders brief, in which he concludes there is nothing that
merits review on direct appeal. Anders v. California, 386 U.S. 738, 744 (1967). Appellant's
brief meets the requirements of Anders. Id. at 744-45; see High v. State, 573 S.W.2d 807,
812 (Tex. Crim. App. [Panel Op.] 1978). In compliance with Anders, counsel presented
a professional evaluation of the record and referred this Court to what, in his opinion, are
all issues which might arguably support an appeal. See Anders, 386 U.S. at 744; Currie
v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see also High, 573 S.W.2d at 812. 

 Counsel has informed this Court that: (1) he has diligently read and reviewed the
record and the circumstances of appellant's conviction, including the hearing at which
Simpson entered his plea and the sentencing hearing; (2) he believes that there are no
arguable grounds to be advanced on appeal; and (3) he forwarded to appellant a copy of
the brief along with a letter informing appellant of his right to review the record and to file
a pro se brief. See Anders, 386 U.S. at 744-45; see also Stafford v. State, 813 S.W.2d
503, 509 (Tex. Crim. App. 1991) (en banc); High, 573 S.W.2d at 813. 

 When appellate counsel files an Anders brief and the appellant independently files
a pro se brief, the court of appeals has two choices: "[i]t may determine that the appeal is
wholly frivolous and issue an opinion explaining that it has reviewed the record and finds
no reversible error. Or, it may determine that arguable grounds for appeal exist and
remand the cause to the trial court so that new counsel may be appointed to brief the
issues." Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We are not
required to review the merits of each claim raised in an Anders brief or a pro se
response-rather, we must merely determine if there are any arguable grounds for appeal. 
Id. at 827. If so, we must remand for appointment of new counsel. Id. Reviewing the
merits raised in a pro se brief would deprive an appellant of meaningful assistance of
counsel. Id. Accordingly, we will independently review the record to determine if there are
any arguable grounds for appeal.

B. Independent Review

 The United States Supreme Court advised appellate courts that upon receiving a
"frivolous appeal" brief, they must conduct "a full examination of all the proceedings to
decide whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see
Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). 
Accordingly, we have carefully reviewed the record and have found nothing that would
arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824, 826 (Tex. Crim. App.
2005); Stafford, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly
frivolous and without merit. See Bledsoe, 178 S.W.3d at 827-28 ("Due to the nature of
Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs
and reviewed the record for reversible error but found none, the court of appeals met the
requirements of Texas Rule of Appellate Procedure 47.1.").

II. CONCLUSION

 The judgment of the trial court is affirmed. An appellate court may grant counsel's
motion to withdraw filed in connection with an Anders brief. Moore v. State, 466 S.W.2d
289, 291 n.1 (Tex. Crim. App. 1971); see Stafford, 813 S.W.2d at 511 (noting that Anders
brief should be filed with request for withdrawal from case). In accordance with Anders,
appellant's attorney has asked permission to withdraw as counsel for appellant. See
Anders, 386 U.S. at 744. We grant his motion to withdraw. We further order counsel to
notify appellant of the disposition of this appeal and the availability of discretionary review. 
See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).



 __________________________

 GINA M. BENAVIDES

 Justice


Do not publish.

See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and

filed this the 16th day of August, 2007.