NUMBER 13-06-672-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


EX PARTE: DAVID HUNGERFORD

 
 

On appeal from the 156th District Court of Live Oak County, Texas

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Justice Benavides


 Appellant, David Hungerford, was charged with possession of marijuana with intent
to distribute in the State of Missouri. The Governor of Missouri, the Honorable Matt Blunt,
issued a requisition demand to the Honorable Rick Perry, Governor of the State of Texas,
requesting that Hungerford be arrested and delivered to a Missouri sheriff. Governor Rick
Perry then issued a governor's warrant to arrest Hungerford and to extradite him to
Missouri. Hungerford filed an application for writ of habeas corpus, which the trial court
denied. Hungerford now appeals that order. 

 Hungerford's appellate counsel, concluding that "there are no arguable grounds to
be advanced on appeal," filed a brief in which he reviewed the merits, or lack thereof, of the
appeal. Hungerford filed a pro se brief. The State of Texas also filed a brief stating therein
that the appeal was frivolous and without merit. We affirm.

I. BACKGROUND


 The trial court heard Hungerford's application for a writ of habeas corpus on
November 15, 2006. Hungerford appeared through counsel at the hearing, admitted that
he fled from the Missouri drug charges, and conceded that the extradition documents
admitted at the hearing were legally compliant. Rather than contesting the validity of the
extradition documents, Hungerford admitted the transcript of a hearing before the Federal
District Court for the Southern District of Texas, in which the federal court refused to revoke
Hungerford's probation for a separate offense based on the Missouri drug charge.

 Hungerford argued that the federal court's refusal to revoke his probation somehow
estopped the Missouri authorities from pursuing the drug charge in Missouri. The trial court
disagreed, finding that this "collateral estoppel"-type argument could not bar extradition,
which Hungerford conceded was otherwise proper. 

 Hungerford's appellate counsel filed an Anders brief, notified Hungerford of his right
to file a pro se brief, and moved to withdraw as counsel. Hungerford filed his own brief,
alleging that if the State of Missouri prosecutes him for the drug offense, such prosecution
would violate the double jeopardy and due process clauses of the United States
Constitution. U.S. Const. amend. V, XIV. The State of Texas also filed a brief, asserting
that Hungerford could not challenge the extradition order because he admitted that (1) he
was the person named in the valid Governor's warrant and supporting documents, (2) he
was a fugitive from the State of Missouri, and (3) the extradition documents were in proper
form, precluded a challenge to the order extraditing him to Missouri.

II. DISCUSSION

A. Compliance with Anders v. California

 Appellant's counsel filed an Anders brief, in which he concludes there is nothing that
merits review on direct appeal. Anders v. California, 386 U.S. 738, 744 (1967). Appellant's
brief meets the requirements of Anders. Id. at 744-45; see High v. State, 573 S.W.2d 807,
812 (Tex. Crim. App. [Panel Op.] 1978). In compliance with Anders, counsel presented a
professional evaluation of the record and referred this Court to what, in his opinion, are all
issues which might arguably support an appeal. See Anders, 386 U.S. at 744; Currie v.
State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see also High, 573 S.W.2d at 812. 

 Counsel has informed this Court that: (1) he has diligently read and reviewed the
record and the circumstances of appellant's extradition hearing; (2) he believes that there
are no arguable grounds to be advanced on appeal; and (3) he forwarded to appellant a
copy of the brief along with a letter informing appellant of his right to review the record and
to file a pro se brief. See Anders, 386 U.S. at 744-45; see also Stafford v. State, 813
S.W.2d 503, 509 (Tex. Crim. App. 1991) (en banc); High, 573 S.W.2d at 813. 

 When appellate counsel files an Anders brief and the appellant independently files
a pro se brief, the court of appeals has two choices: "[i]t may determine that the appeal is
wholly frivolous and issue an opinion explaining that it has reviewed the record and finds
no reversible error. Or, it may determine that arguable grounds for appeal exist and remand
the cause to the trial court so that new counsel may be appointed to brief the issues." 
Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We are not required to
review the merits of each claim raised in an Anders brief or a pro se response-rather, we
must merely determine if there are any arguable grounds for appeal. Id. at 827. If so, we
must remand for appointment of new counsel. Id. Reviewing the merits raised in a pro se
brief would deprive an appellant of meaningful assistance of counsel. Id. Accordingly, we
will independently review the record to determine if there are any arguable grounds for
appeal.

B. Independent Review

 The United States Supreme Court advised appellate courts that upon receiving a
"frivolous appeal" brief, they must conduct "a full examination of all the proceedings to
decide whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see
Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). Accordingly,
we have carefully reviewed the record and have found nothing that would arguably support
an appeal. See Bledsoe, 178 S.W.3d at 826; Stafford, 813 S.W.2d at 509. We agree with
counsel that the appeal is wholly frivolous and without merit. See Bledsoe, 178 S.W.3d at
827-28 ("Due to the nature of Anders briefs, by indicating in the opinion that it considered
the issues raised in the briefs and reviewed the record for reversible error but found none,
the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

III. CONCLUSION

 The judgment of the trial court is affirmed. An appellate court may grant counsel's
motion to withdraw filed in connection with an Anders brief. Moore v. State, 466 S.W.2d
289, 291 n.1 (Tex. Crim. App. 1971); see Stafford, 813 S.W.2d at 511 (noting that Anders
brief should be filed with request for withdrawal from case). In accordance with Anders,
appellant's attorney has asked permission to withdraw as counsel for appellant. See
Anders, 386 U.S. at 744. We grant his motion to withdraw. We further order counsel to
notify appellant of the disposition of this appeal and the availability of discretionary review. 
See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).

 


 __________________________

 GINA M. BENAVIDES

 Justice


Do not publish.

See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and

filed this the 23rd day of August, 2007.