NUMBER 13-07-00238-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


BENJAMIN PIERSON, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 410th District Court of

Montgomery County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Garza and Vela


Memorandum Opinion by Chief Justice Valdez



 Appellant, Benjamin James Pierson, pleaded guilty to possession of a controlled
substance, cocaine, of four grams or more but less than 200 grams. See Tex. Health &
Safety Code Ann. § 481.115(d) (Vernon 2003). The trial court assessed punishment at
five years' confinement. Agreeing with appointed counsel's conclusion that the record fails
to show an arguable basis on appeal, we affirm the judgment and grant counsel's motion
to withdraw. 

I. Compliance with Anders v. California

 Appellant's court-appointed counsel filed an Anders brief in which he has concluded
that there is nothing that merits review on direct appeal. Anders v. California, 386 U.S.
738, 744 (1967). Appellant's brief meets the requirements of Anders. Id. at 744-45; see
High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). In compliance with Anders,
counsel presented a professional evaluation of the record and referred this Court to what,
in his opinion, are all issues which might arguably support an appeal. See Anders, 386
U.S. at 744; Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see also High,
573 S.W.2d at 812. Counsel informed this Court that: (1) he had diligently read and
reviewed the record and the circumstances of appellant's conviction; (2) he believes that
there are no arguable grounds to be advanced on appeal; and (3) he has forwarded to
appellant a copy of the brief filed in support of his motion to withdraw with a letter informing
appellant of his right to review the record and to file a pro se brief. See Anders, 386 U.S.
at 744-45; see also Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991); High,
573 S.W.2d at 813. More than thirty days have passed, and appellant has not filed a pro
se brief. See Anders, 386 U.S. at 744-45; see also High, 573 S.W.2d at 813. 

II. Independent Review

 The supreme court advised appellate courts that upon receiving a "frivolous appeal"
brief, they must conduct "a full examination of all the proceedings to decide whether the
case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see Ybarra v. State, 93
S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). Accordingly, we have carefully
reviewed the record and have found nothing that would arguably support an appeal. See
Bledsoe v. State, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005); Stafford, 813 S.W.2d at
509. We agree with counsel that the appeal is wholly frivolous and without merit. See
Bledsoe, 178 S.W.3d at 827-28 ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirements of Texas Rule
of Appellate Procedure 47.1."). Accordingly, we affirm the judgment of the trial court. 

III. Motion to Withdraw

 An appellate court may grant counsel's motion to withdraw in connection with an
Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); Stafford,
813 S.W.2d at 511 (noting that Anders brief should be filed with request to withdraw from
case). We grant counsel's motion to withdraw. We order counsel to advise appellant
promptly of the disposition of the case and the availability of discretionary review. See Ex
parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam). 



 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 18th day of October, 2007.