NUMBER 13-07-00445-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

ZERRICK EDWARD WALKER, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 252nd District Court


of Jefferson County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Chief Justice Valdez
 

 Pursuant to a plea bargain agreement, appellant Zerrick Edward Walker pleaded
guilty to indecency with a child by exposure. See Tex. Penal Code Ann. § 21.11(a)(2)
(Vernon 2003). The trial court assessed punishment at ten years' confinement in a state
jail facility, then suspended imposition of the sentence, placed Walker on community
supervision for five years, and assessed a $1,500 fine. On May 15, 2007, the State filed
a motion to revoke Walker's community supervision. Walker pleaded "true" to two
violations of the terms of the community supervision order. The trial court found that
Walker violated the terms of the community supervision order, revoked Walker's
community supervision, and imposed a sentence of ten years' confinement in a state jail
facility. Agreeing with appointed counsel's conclusion that the record fails to show an
arguable basis on appeal, we affirm the judgment and grant counsel's motion to withdraw. I. Compliance with Anders v. California 

 Appellant's court-appointed counsel filed an Anders brief in which he has concluded
that there is nothing that merits review on direct appeal. Anders v. California, 386 U.S.
738, 744 (1967). Appellant's brief meets the requirements of Anders. Id. at 744-45; see
High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance
with Anders, counsel presented a professional evaluation of the record and referred this
Court to what, in his opinion, are all issues which might arguably support an appeal. See
Anders, 386 U.S. at 744; Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see
also High, 573 S.W.2d at 812. Counsel informed this Court that: (1) he diligently read and
reviewed the record and the circumstances of appellant's conviction; (2) he believes that
there are no arguable grounds to be advanced on appeal; and (3) he forwarded to
appellant a copy of the brief filed in support of his motion to withdraw, with a letter
informing appellant of his right to review the record and file a pro se brief. See Anders, 386
U.S. at 744-45; see also Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991);
High, 573 S.W.2d at 813. On November 15, 2007, we granted an extension of time for
appellant to file a pro se brief. We received no response from appellant. 

II. Independent Review

 The Supreme Court advised appellate courts that upon receiving a "frivolous appeal"
brief, they must conduct "a full examination of all the proceedings to decide whether the
case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see Ybarra v. State, 93
S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). Accordingly, we have carefully
reviewed the record and have found nothing that would arguably support an appeal. See
Bledsoe v. State, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005); Stafford, 813 S.W.2d at
509. We agree with counsel that the appeal is wholly frivolous and without merit. See
Bledsoe, 178 S.W.3d at 827-28 ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirements of Texas Rule
of Appellate Procedure 47.1."). Accordingly, we affirm the judgment of the trial court. 

III. Motion to Withdraw

 An appellate court may grant counsel's motion to withdraw in connection with an
Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); Stafford,
813 S.W.2d at 511 (noting that Anders brief should be filed with request to withdraw from
case); see In re Shulman 252 S.W.3d 403, *21-22 (Tex. Crim. App. 2008) (official pinpoint
not designated). We grant counsel's motion to withdraw. We order counsel to advise
appellant promptly of the disposition of the case and the availability of discretionary review. 
See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam). 

 


 

 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 29th day of July, 2008.