

**NUMBER 13-07-00445-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **ZERRICK EDWARD WALKER,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 252nd District Court
### of Jefferson County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Memorandum Opinion by Chief Justice Valdez**

Pursuant to a plea bargain agreement, appellant Zerrick Edward Walker pleaded guilty to indecency with a child by exposure. *See* TEX. PENAL CODE ANN. § 21.11(a)(2) (Vernon 2003). The trial court assessed punishment at ten years' confinement in a state jail facility, then suspended imposition of the sentence, placed Walker on community supervision for five years, and assessed a $1,500 fine. On May 15, 2007, the State filed a motion to revoke Walker's community supervision. Walker pleaded "true" to two

violations of the terms of the community supervision order. The trial court found that Walker violated the terms of the community supervision order, revoked Walker's community supervision, and imposed a sentence of ten years' confinement in a state jail facility. Agreeing with appointed counsel's conclusion that the record fails to show an arguable basis on appeal, we affirm the judgment and grant counsel's motion to withdraw.

## I. COMPLIANCE WITH *ANDERS V. CALIFORNIA*

Appellant's court-appointed counsel filed an *Anders* brief in which he has concluded that there is nothing that merits review on direct appeal. *Anders v. California*, 386 U.S. 738, 744 (1967). Appellant's brief meets the requirements of *Anders*. *Id*. at 744-45; *see High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance with *Anders*, counsel presented a professional evaluation of the record and referred this Court to what, in his opinion, are all issues which might arguably support an appeal. *See Anders*, 386 U.S. at 744; *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *see also High*, 573 S.W.2d at 812. Counsel informed this Court that: (1) he diligently read and reviewed the record and the circumstances of appellant's conviction; (2) he believes that there are no arguable grounds to be advanced on appeal; and (3) he forwarded to appellant a copy of the brief filed in support of his motion to withdraw, with a letter informing appellant of his right to review the record and file a pro se brief. *See Anders*, 386 U.S. at 744-45; *see also Stafford v. State*, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991); *High*, 573 S.W.2d at 813. On November 15, 2007, we granted an extension of time for appellant to file a pro se brief. We received no response from appellant.

## II. INDEPENDENT REVIEW

The Supreme Court advised appellate courts that upon receiving a "frivolous appeal"

brief, they must conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous." *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see Ybarra v. State*, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christi 2003, no pet.). Accordingly, we have carefully reviewed the record and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005); *Stafford*, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly frivolous and without merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Accordingly, we affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

An appellate court may grant counsel's motion to withdraw in connection with an *Anders* brief. *Moore v. State*, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); *Stafford*, 813 S.W.2d at 511 (noting that *Anders* brief should be filed with request to withdraw from case); *see In re Shulman* 252 S.W.3d 403, *21-22 (Tex. Crim. App. 2008) (official pinpoint not designated). We grant counsel's motion to withdraw. We order counsel to advise appellant promptly of the disposition of the case and the availability of discretionary review. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).

ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 29th day of July, 2008.

3