NUMBER 13-07-00452-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

RICHARD KARL BLANTON, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the Criminal District Court 


of Jefferson County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Chief Justice Valdez
 

 Appellant was placed on deferred adjudication for a period of five years after
entering a plea of guilty, pursuant to a plea bargain, to the offense of delivery of a
controlled substance of more than one gram but less than four grams. See Tex. Health
& Safety Code Ann. § 481.113(c) (Vernon 2003). The State subsequently filed a motion
to proceed with adjudication, alleging appellant committed four violations of his community
supervision; appellant pleaded "true" to each of the State's allegations. The trial court
assessed appellant's punishment at confinement in the Institutional Division of the Texas
Department of Criminal Justice for a period of ten years. Appellant's counsel has filed a
brief with this Court asserting there is no basis for appeal. We agree, and affirm the trial
court's judgment. 

I. Compliance with Anders v. California 

 Appellant's court-appointed counsel filed an Anders brief in which he has concluded
that there is nothing that merits review on direct appeal. Anders v. California, 386 U.S.
738, 744 (1967). Appellant's brief meets the requirements of Anders. Id. at 744-45; see
High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance
with Anders, counsel presented a professional evaluation of the record and referred this
Court to what, in his opinion, are all issues which might arguably support an appeal. See
Anders, 386 U.S. at 744; Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see
also High, 573 S.W.2d at 812. Counsel informed this Court that: (1) he diligently read and
reviewed the record and the circumstances of appellant's conviction; (2) he believes that
there are no arguable grounds to be advanced on appeal; and (3) he forwarded to
appellant a copy of the brief filed in support of his motion to withdraw, with a letter
informing appellant of his right to review the record and file a pro se brief. See Anders, 386
U.S. at 744-45; see also Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991);
High, 573 S.W.2d at 813. 

 Appellant has filed a pro se brief. In it, he asserts two issues arising from claims of
an involuntary plea and ineffective assistance of counsel. 

II. Independent Review 

 The Supreme Court advised appellate courts that upon receiving a "frivolous appeal"
brief, they must conduct "a full examination of all the proceedings to decide whether the
case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see Ybarra v. State, 93
S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). Accordingly, we have carefully
reviewed the record, counsel's brief, and appellant's pro se brief, and have found nothing
that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824, 826 (Tex.
Crim. App. 2005); Stafford, 813 S.W.2d at 509. We agree with counsel that the appeal is
wholly frivolous and without merit. See Bledsoe, 178 S.W.3d at 827-28 ("Due to the nature
of Anders briefs, by indicating in the opinion that it considered the issues raised in the
briefs and reviewed the record for reversible error but found none, the court of appeals met
the requirements of Texas Rule of Appellate Procedure 47.1."). Accordingly, we affirm the
judgment of the trial court. 

III. Motion to Withdraw

 An appellate court may grant counsel's motion to withdraw in connection with an
Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); Stafford,
813 S.W.2d at 511 (noting that Anders brief should be filed with request to withdraw from
case); see In re Shulman 252 S.W.3d 403, *21-22 (Tex. Crim. App. 2008) (official pinpoint
not designated). We grant counsel's motion to withdraw. We order counsel to advise
appellant promptly of the disposition of the case and the availability of discretionary review. 
See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam). 


 

 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 29th day of July, 2008.