

## NUMBER 13-07-00452-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**RICHARD KARL BLANTON,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

### On appeal from the Criminal District Court of Jefferson County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Chief Justice Valdez**

Appellant was placed on deferred adjudication for a period of five years after entering a plea of guilty, pursuant to a plea bargain, to the offense of delivery of a controlled substance of more than one gram but less than four grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.113(c) (Vernon 2003). The State subsequently filed a motion to proceed with adjudication, alleging appellant committed four violations of his community supervision; appellant pleaded "true" to each of the State's allegations. The trial court

assessed appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of ten years. Appellant's counsel has filed a brief with this Court asserting there is no basis for appeal. We agree, and affirm the trial court's judgment.

## I. COMPLIANCE WITH *ANDERS V. CALIFORNIA*

Appellant's court-appointed counsel filed an *Anders* brief in which he has concluded that there is nothing that merits review on direct appeal. *Anders v. California*, 386 U.S. 738, 744 (1967). Appellant's brief meets the requirements of *Anders*. *Id*. at 744-45; *see High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance with *Anders*, counsel presented a professional evaluation of the record and referred this Court to what, in his opinion, are all issues which might arguably support an appeal. *See Anders*, 386 U.S. at 744; *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *see also High*, 573 S.W.2d at 812. Counsel informed this Court that: (1) he diligently read and reviewed the record and the circumstances of appellant's conviction; (2) he believes that there are no arguable grounds to be advanced on appeal; and (3) he forwarded to appellant a copy of the brief filed in support of his motion to withdraw, with a letter informing appellant of his right to review the record and file a pro se brief. *See Anders*, 386 U.S. at 744-45; *see also Stafford v. State*, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991); *High*, 573 S.W.2d at 813.

Appellant has filed a pro se brief. In it, he asserts two issues arising from claims of an involuntary plea and ineffective assistance of counsel.

## II. INDEPENDENT REVIEW

The Supreme Court advised appellate courts that upon receiving a "frivolous appeal" brief, they must conduct "a full examination of all the proceedings to decide whether the

2

case is wholly frivolous." *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see Ybarra v. State*, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christi 2003, no pet.). Accordingly, we have carefully reviewed the record, counsel's brief, and appellant's pro se brief, and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005); *Stafford*, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly frivolous and without merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Accordingly, we affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

An appellate court may grant counsel's motion to withdraw in connection with an *Anders* brief. *Moore v. State*, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); *Stafford*, 813 S.W.2d at 511 (noting that *Anders* brief should be filed with request to withdraw from case); *see In re Shulman* 252 S.W.3d 403, *21-22 (Tex. Crim. App. 2008) (official pinpoint not designated). We grant counsel's motion to withdraw. We order counsel to advise appellant promptly of the disposition of the case and the availability of discretionary review. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).

ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 29th day of July, 2008.

3