NUMBER 13-07-00376-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

FRANCISCO GUTIERREZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 117th District Court


of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Chief Justice Valdez
 

 A jury found appellant, Francisco Gutierrez, guilty of aggravated assault with a
deadly weapon. See Tex. Penal Code Ann. § 22.02(a)(2) (Vernon Supp. 2007). 
Appellant's counsel has filed a brief with this Court asserting there is no basis for appeal. 
We agree, and affirm the trial court's judgment. 


I. Compliance with Anders v. California 

 Appellant's counsel filed an Anders brief in which she has concluded that there is
nothing that merits review on direct appeal. Anders v. California, 386 U.S. 738, 744
(1967). Appellant's brief meets the requirements of Anders. Id. at 744-45; see High v.
State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance with
Anders, counsel presented a professional evaluation of the record and referred this Court
to what, in her opinion, are all issues which might arguably support an appeal. See
Anders, 386 U.S. at 744; Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see
also High, 573 S.W.2d at 812. Counsel informed this Court that: (1) she diligently read and
reviewed the record and the circumstances of appellant's conviction; (2) she believes that
there are no arguable grounds to be advanced on appeal; and (3) she forwarded to
appellant a copy of the brief filed in support of his motion to withdraw, with a letter
informing appellant of his right to review the record and file a pro se brief. See Anders, 386
U.S. at 744-45; see also Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991);
High, 573 S.W.2d at 813. No pro se brief has been filed by Gutierrez. 

II. Independent Review

 The Supreme Court advised appellate courts that upon receiving a "frivolous appeal"
brief, they must conduct "a full examination of all the proceedings to decide whether the
case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see Ybarra v. State, 93
S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). Accordingly, we have carefully
reviewed the record and have found nothing that would arguably support an appeal. See
Bledsoe v. State, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005); Stafford, 813 S.W.2d at
509. We agree with counsel that the appeal is wholly frivolous and without merit. See
Bledsoe, 178 S.W.3d at 827-28 ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirements of Texas Rule
of Appellate Procedure 47.1."). Accordingly, we affirm the judgment of the trial court. 

III. Motion to Withdraw

 An appellate court may grant counsel's motion to withdraw in connection with an
Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); Stafford,
813 S.W.2d at 511 (noting that Anders brief should be filed with request to withdraw from
case); see In re Shulman 252 S.W.3d 403, *21-22 (Tex. Crim. App. 2008) (official pinpoint
not designated). We grant counsel's motion to withdraw. We order counsel to advise
appellant promptly of the disposition of the case and the availability of discretionary review. 
See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam). 


 

 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 29th day of July, 2008.