

# NUMBER 13-07-00012-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**DAVID MARTINEZ,**                                                  **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                            **Appellee.**

---

### On appeal from the 117th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Benavides
### Memorandum Opinion by Chief Justice Valdez

Appellant, David Martinez, appeals from two judgments of conviction for the offenses of intoxication manslaughter and intoxication assault. *See* TEX. PENAL CODE ANN. §§ 49.07, 49.08 (Vernon Supp. 2007). Appellant entered a plea of nolo contendere to each of the two indictments, without an agreed sentencing recommendation. The trial court found appellant guilty in both cases. After a pre-sentence investigation, the trial court assessed punishment at forty years for the intoxication manslaughter count and twenty

years for the intoxication assault count. The trial court ordered the sentences to run concurrently. Appellant's counsel has filed a brief with this Court asserting there is no basis for appeal. We agree, and affirm the trial court's judgment.

## I. COMPLIANCE WITH *ANDERS V. CALIFORNIA*

Appellant's counsel filed an *Anders* brief in which she has concluded that there is nothing that merits review on direct appeal. *Anders v. California*, 386 U.S. 738, 744 (1967). Appellant's brief meets the requirements of *Anders*. *Id*. at 744-45; *see High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance with *Anders*, counsel presented a professional evaluation of the record and referred this Court to what, in her opinion, are all issues which might arguably support an appeal. *See Anders*, 386 U.S. at 744; *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *see also High*, 573 S.W.2d at 812. Counsel informed this Court that: (1) she diligently read and reviewed the record and the circumstances of appellant's conviction; (2) she believes that there are no arguable grounds to be advanced on appeal; and (3) she forwarded to appellant a copy of the brief filed in support of his motion to withdraw, with a letter informing appellant of his right to review the record and file a pro se brief. *See Anders*, 386 U.S. at 744-45; *see also Stafford v. State*, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991); *High*, 573 S.W.2d at 813.

Appellant was provided a copy of the record and has submitted a pro se brief. In it, he raises three issues from claims of an involuntary plea, prosecutorial misconduct, and ineffective assistance of counsel.

## II. INDEPENDENT REVIEW

The Supreme Court advised appellate courts that upon receiving a "frivolous appeal" brief, they must conduct "a full examination of all the proceedings to decide whether the

2

case is wholly frivolous." *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see Ybarra v. State*, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christi 2003, no pet.). Accordingly, we have carefully reviewed the record, counsel's brief, and appellant's pro se brief, and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005); *Stafford*, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly frivolous and without merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Accordingly, we affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

An appellate court may grant counsel's motion to withdraw in connection with an *Anders* brief. *Moore v. State*, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); *Stafford*, 813 S.W.2d at 511 (noting that *Anders* brief should be filed with request to withdraw from case); *see In re Shulman* 252 S.W.3d 403, *21-22 (Tex. Crim. App. 2008) (official pinpoint not designated). We grant counsel's motion to withdraw. We order counsel to advise appellant promptly of the disposition of the case and the availability of discretionary review. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).

ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 29th day of July, 2008.

3