NUMBER 13-07-00012-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

DAVID MARTINEZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 117th District Court


of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Chief Justice Valdez
 

 Appellant, David Martinez, appeals from two judgments of conviction for the
offenses of intoxication manslaughter and intoxication assault. See Tex. Penal Code Ann.
§§ 49.07, 49.08 (Vernon Supp. 2007). Appellant entered a plea of nolo contendere to each
of the two indictments, without an agreed sentencing recommendation. The trial court
found appellant guilty in both cases. After a pre-sentence investigation, the trial court
assessed punishment at forty years for the intoxication manslaughter count and twenty
years for the intoxication assault count. The trial court ordered the sentences to run
concurrently. Appellant's counsel has filed a brief with this Court asserting there is no
basis for appeal. We agree, and affirm the trial court's judgment. 

I. Compliance with Anders v. California 

 Appellant's counsel filed an Anders brief in which she has concluded that there is
nothing that merits review on direct appeal. Anders v. California, 386 U.S. 738, 744
(1967). Appellant's brief meets the requirements of Anders. Id. at 744-45; see High v.
State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance with
Anders, counsel presented a professional evaluation of the record and referred this Court
to what, in her opinion, are all issues which might arguably support an appeal. See
Anders, 386 U.S. at 744; Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see
also High, 573 S.W.2d at 812. Counsel informed this Court that: (1) she diligently read and
reviewed the record and the circumstances of appellant's conviction; (2) she believes that
there are no arguable grounds to be advanced on appeal; and (3) she forwarded to
appellant a copy of the brief filed in support of his motion to withdraw, with a letter
informing appellant of his right to review the record and file a pro se brief. See Anders, 386
U.S. at 744-45; see also Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991);
High, 573 S.W.2d at 813. 

 Appellant was provided a copy of the record and has submitted a pro se brief. In
it, he raises three issues from claims of an involuntary plea, prosecutorial misconduct, and
ineffective assistance of counsel. 

II. Independent Review 

 The Supreme Court advised appellate courts that upon receiving a "frivolous appeal"
brief, they must conduct "a full examination of all the proceedings to decide whether the
case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see Ybarra v. State, 93
S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). Accordingly, we have carefully
reviewed the record, counsel's brief, and appellant's pro se brief, and have found nothing
that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824, 826 (Tex.
Crim. App. 2005); Stafford, 813 S.W.2d at 509. We agree with counsel that the appeal is
wholly frivolous and without merit. See Bledsoe, 178 S.W.3d at 827-28 ("Due to the nature
of Anders briefs, by indicating in the opinion that it considered the issues raised in the
briefs and reviewed the record for reversible error but found none, the court of appeals met
the requirements of Texas Rule of Appellate Procedure 47.1."). Accordingly, we affirm the
judgment of the trial court. 

III. Motion to Withdraw 

 An appellate court may grant counsel's motion to withdraw in connection with an
Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); Stafford,
813 S.W.2d at 511 (noting that Anders brief should be filed with request to withdraw from
case); see In re Shulman 252 S.W.3d 403, *21-22 (Tex. Crim. App. 2008) (official pinpoint
not designated). We grant counsel's motion to withdraw. We order counsel to advise
appellant promptly of the disposition of the case and the availability of discretionary review. 
See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam). 

 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 29th day of July, 2008.